## HOOKER vs. NEWTON.

*Exemplary damages — Instructions.*

It is not error to instruct the jury that they not only *may*, but *ought to*, give exemplary damages, if they find the facts which are held to justify such damages.

APPEAL from the Circuit Court for *Fond du Lac* County.

Civil action for an assault and battery. The defendant appealed from a judgment in favor of the plaintiff.

*E. S. Bragg*, for appellant.

*Gillet & Pier*, for respondent.

PAINE, J. The only thing seriously urged as error in this case, was the instruction of the court below in respect to punitory damages. It told the jury that if the assault was committed in an insulting manner, willfully and maliciously, with an intent to injure the plaintiff's feelings, and disgrace him in the estimation of the public, the jury not only might, but "ought," to give punitory damages. It is claimed that the use of the word "ought," in that connection, was erroneous; that it was extending the doctrine further than it has ever been carried; and that it is a doctrine so questionable in itself that it will not properly bear any further extension.

The question whether, in willful and malicious injuries, punitory damages should be allowed, is no longer an open one in this state. It has been settled by repeated adjudications. This being so, the use of the word "ought," in the instruction given by the court below, does not seem to have given any improper enlargement to the rule, or to have extended its scope beyond what would have been fairly implied without the use of that word. It cannot be assumed that the

law, in giving this power of punishment to juries, designed that it should be exercised arbitrarily, wantonly or capriciously. It was not designed that it should be withheld or applied from any personal motive of favoritism or animosity existing in the breasts of the jury. On the contrary, it must have designed that it should be exercised in a uniform and equal manner, without respect to persons, and with the single purpose of accomplishing the object of granting the power at all, that of protecting the community from such injuries. This can only be accomplished by giving juries to understand, that where the facts are such as authorize them to exercise the power, it ought to be exercised; regard being had, in fixing the amount of the punishment to be inflicted in each instance, to all the circumstances of the case bearing upon the degree of malice, insult and aggravation. It is true, that in most of the cases the juries are told that upon proper facts they "*may*" give punitory damages. But, from the considerations above suggested, it would seem to be fairly implied from such a statement of the rule, that they ought give them. There is a familiar class of cases where the word "may" in statutes is interpreted to mean "must." It is where third parties have an interest in the exercise of the power, granted in merely permissive language. And, by analogy, where this power of giving punitory damages is granted to juries, and they are told that they may give them, inasmuch as the power was granted upon grounds of public policy, and the community at large has an interest in its exercise, it ought to be interpreted, if not that they "must," at least that, upon proper facts, they "ought" to exercise the power.

Although usually stated in permissive language, there are cases where the idea of obligation on the part of the jury to use the power, if the facts were such as would justify it, was as strongly expressed as in this case. In *Hodgson v. Millward* (3 Grant's Cases, 406) the

court said, that if the injury was wanton and malicious the plaintiff was "*entitled* to exemplary damages." If he was "entitled" to them, the jury of course ought to give them. In *Knight v. Foster* (39 N. H. 576) the court said: "In case of actual malice, the jury may award exemplary damages — what the plaintiff ought to receive, and what the defendant ought to pay." If, in such cases, the plaintiff "ought" to receive such damages, and the defendant "ought" to pay them, it certainly cannot be adding any thing to tell the jury that they ought to give them. In *Burkett v. Lanata* (15 La. An. 337) the court say: "Exemplary damages should be commensurate to the nature of the offense," etc. But this can only be by holding that they should be imposed uniformly, in each case where the facts justify them, according to its degree of aggravation. In *Platt v. Brown* (30 Conn. 336) the jury was instructed, that "if they should find a gross and willful fraud on the part of the defendant, they were also at liberty to give, *and it was proper for them to give*, damages beyond a mere compensation for the actual loss or injury, as exemplary or vindictive damages," etc. And the instruction, so far as this part of it was concerned, was sustained. Yet it was as plainly implied, by the court's telling the jury that, upon the facts stated, "it would be proper for them to give exemplary damages," that they ought to do so, as though they had been expressly told so. In *Goodall v. Thurman* (1 Head [Tenn.], 209) the instruction was, that if the jury found certain facts, they "*should* give to the plaintiff exemplary and substantial damages." And this was approved by the appellate court.

On the whole, I think the language of the court against which the criticism of the appellant was directed, only expressed what is to be fairly implied from the rule as stated in its usual and ordinary form.

*By the Court.* — The judgment is affirmed.