## BOARDMAN v. GOLDSMITH.*

*False Imprisonment.    Officer's Return as Evidence.   Collection of Taxes.   Exemplary Damages.*

A rate-bill and warrant, with a full return thereon, being in evidence, it was *held* that parol testimony of the collector's proceedings was not admissible; that the return was *prima facie* evidence in behalf of the collector, but not conclusive against the plaintiff, a tax-payer, but that plaintiff might controvert it by his proof, and that defendant might·meet such proof by rebutting testimony.

When a collector of taxes commits a delinquent tax-payer to jail, he must leave with the keeper of the jail an attested copy of his warrant, and certify his doings thereon in relation to such delinquent, within a reasonable time—as soon as a man of ordinary business capacity, exercising due diligence and despatch, could perform the labor required to do the act.

Exemplary damages are not recoverable as matter of *right*. In awarding them, the jury must be governed by the malice or wantonness of the defendant, as shown by the conduct they find him liable for.

TRESPASS for false imprisonment.   Pleas, the general issue, and justification as tax-collector for the Bennington Graded School District, in collecting a poll-tax of one dollar and thirty cents assessed against the plaintiff.

The plaintiff in person gave evidence tending to show that he was arrested by defendant and two policemen, on the night of March 1, 1871, at the grocery of one Sibley, in the village of Bennington, about the hour of 7 or 8 in the evening, and taken to the county jail at Bennington Center, and there imprisoned against his will ; that he remained in said jail until between the hours of 10· and 11 A. M. of March 2d, when he was released by the jailor ; and having given evidence tending to show his actual damages, and also that the arrest was wantonly made, and that personal indignities were offered to him when it was made, he rested his case.

Defendant gave evidence tending to support his plea in justification, and it was conceded that all the proceedings relative to the assessment of said tax were legal, and that the rate-bill and

* Decided at the February Term, 1874.

warrant were in due form. The defendant further commenced to give evidence tending to show, that after receiving said rate-bill and warrant, about the first of February, 1871, at the post-office in Bennington, he demanded said tax of plaintiff, and gave plaintiff six days' notice of the time and place when and where he would attend to receive said tax, but that plaintiff absolutely refused to pay the same, using profane and boisterous language. Plaintiff's counsel objected to this evidence, and claimed that the proceedings of defendant about collecting said tax should be shown by the return of defendant upon the copy of the warrant left with the jailor, and not otherwise ; but the court received the evidence subject to the objection. The defendant also, subject to like objection and ruling, gave evidence tending to show that afterwards in the street he offered to the plaintiff a written six days' notice of like import, which plaintiff declined to receive, using obscene language, and then the defendant gave to the plaintiff like notice orally. Defendant also gave evidence tending to show that on the evening of March 1, 1871, at the grocery of said Sibley in Bennington, he demanded said tax of plaintiff, read said warrant to him, and told him he must go to jail if he did not pay said tax ; that plaintiff said he had no money, but had some calves, and a bed at his house, which defendant offered to take if plaintiff would go with him and turn it out, but the plaintiff refused to go, alleging that he was under arrest by defendant, and would not go ; that plaintiff used violent, abusive, and profane language toward defendant ; that defendant, not feeling well, procured the aid of two policemen, who, with plaintiff and defendant, walked through the streets towards the jail, using no force upon plaintiff, and he going voluntarily, and refusing the offer of a carriage, saying he preferred to walk ; that when they arrived at the jail, the plaintiff said he had been there before and knew the place, and if they would make a fire in the stove, and give him plenty of wood and a light, he would make himself comfortable, as he should not go to bed, but should sit and read.

It appeared in evidence that defendant left no copy of his warrant on the occasion of his lodging the plaintiff in jail. Defendant testified that he left none, and that the reason he did not was,

because he did not suppose it was necessary, and that he did all he supposed was necessary; that after he had lodged the plaintiff in jail, and as he was returning therefrom to his house, which was in the village of Bennington, after 9 P. M., he saw W. S. Southworth, Esq., and learned from him that it was necessary that he should leave a copy of his warrant, but that he did not understand Mr. Southworth then that any certificate of his doings upon said warrant was necessary to be left with the jailor ; that he went to his house and there made a copy of his warrant, but not feeling very well, and the hour being late, he went to bed; that about 6 A. M. of the 2d of March, he took the copy made the night before, to the jailor, who was then in bed; that about 7 or 8 A. M., the jailor discovered that there was no certificate of defendant's doings upon the warrant, nor any minute of the tax and costs, and sent a messenger to defendant, and defendant again called upon Mr. Southworth, and received from him a certificate of his doings and took it to the jailor about 9 A. M., and pasted it upon the copy of warrant, and made a minute of the amount of tax and costs thereon. Plaintiff's evidence tended to show that no sufficient return was made on said warrant till after his discharge from imprisonment.

After the objection by plaintiff's counsel to the admission of said evidence of defendant's doings under said warrant, and before the conclusion of the evidence upon either side, the court, upon examination of some decided cases referred to by plaintiff's counsel but not then produced, decided to hold as claimed by plaintiff's counsel in respect to the proof of such doings, and so informed all parties in open court.

The plaintiff requested the court to charge the jury, that upon the admitted facts of the case the plaintiff was entitled to recover; that the fact that defendant, under the circumstances shown by the case, left no copy of his warrant with his doings certified thereon with the jailor, made him a trespasser *ab initio*.

The court charged that plaintiff was entitled to recover, unless defendant had made out a justification ; that, it being conceded that defendant had a proper rate-bill of a tax, and a warrant for the collection of it, the defendant had the right, after notice and

for want of property, about which no question would be submitted in that connection, to arrest the body of plaintiff for non-payment of the tax whenever he saw fit to do so, and to commit him to jail; that when he had made the arrest, it was his right and duty to commit the plaintiff to jail within a reasonable time thereafter; that it was not the duty of defendant to do anything about making any copy of his warrant, or any return of his doings, until he had made the arrest, and that then he had the right to take the plaintiff to jail, and by himself or any other person, to detain him there during a reasonable time within which to make a copy of his warrant and a return of his doings, and leave them, together with the plaintiff, with the jailor, and not any longer than that, without leaving such copy and return; that what would be a reasonable time for that purpose, was for the jury to determine in view of what there was to be done by defendant in that behalf, and the means he had for doing it; that he had a copy of the warrant to make, and a return of his doings to compose and write out, and the whole to leave, together with the prisoner, with the jailor, and that he was bound to use such diligence about doing these things, as men of common diligence, who knew their duty reasonably well, would commonly use about matters of like importance under like circumstances, which circumstances were the amount of work to be done, the time of day or night, the usual hours of labor, the physical ability of the defendant, and the urgency of the business to be done; that the fact that defendant did not know what was necessary for him to do, was not conclusive against him; but if he in fact did do what was necessary within such reasonable time, it was sufficient; that the copy of the warrant and the return produced in evidence by the defendant, were to be taken by the jury to be sufficient if they were seasonably made; that if defendant did not leave the return of his doings with the jailor at all while the plaintiff was detained in jail, or if he delayed making and leaving it longer than the reasonable time, the plaintiff was entitled to recover; but that if the return was made and left with the copy and other papers while the plaintiff was confined in jail, and within the reasonable time, the defendant was entitled to recover; that if plaintiff was entitled to recover

because the return was not left at all, he was entitled to recover a fair compensation for the injury done to him by the arrest and imprisonment, including the indignity, inconvenience, and effect upon his bodily health and powers; that if plaintiff was entitled to recover because the return was not made in a reasonable time, he was entitled to recover for the detention from the expiration of what would have been a reasonable time until the return was in fact made; that if defendant acted in good faith, fairly believing that he was doing his duty properly as collector, he was liable no further; but that if he acted with express malice, intending to injure or disgrace the plaintiff, the jury would be at liberty to go further, not as a matter of right that the plaintiff was entitled to, but to punish the defendant for an example to him and to others, and give such further damages as they, in the exercise of good judgment and sound discretion, should think proper in view of the conduct of the defendant in doing the acts they should find him liable to the plaintiff for, if any liability should be found.

To the refusal to charge as requested, and to the charge as given, plaintiff excepted.   Verdict for defendant.

*T. Sibley* and *Chas. N. Davenport*, for plaintiff.

A tax warrant is not a returnable process.   Hence, a collector's certificate of his doings upon such warrant, is only evidence in the single case provided for by statute.   When he shall commit to jail under the 13th section, " He shall leave with the keeper of the jail an attested copy of his warrant, and shall certify his doings thereon in relation to such delinquent."   Gen. Sts. c. 84, ss. 13, 14; *Hathaway* v. *Goodrich*, 5 Vt. 65; *Henry* v. *Tilson*, 19 Vt. 447; *Flint* v. *Whitney*, 28 Vt. 684; *Johnson* v. *Murphy*, 42 Vt. 645.   To make such certificate is an official duty. When made, it is an official act.   Its efficacy as evidence, and the rules governing its admissibility, are precisely those which apply to other official returns and certificates.   " In a case involving the truth or falsehood of the return as between the parties to the original suit, or if the return is relied upon as evidence *against* the officer, it should be holden as conclusive."   But when offered as evidence by the officer in his own favor, it is only *prima facie*

evidence. *Barrett* v. *Copeland,* 18 Vt. 67; *Hathaway* v. *Goodrich, supra; Stanton* v. *Hodges,* 6 Vt. 64; *Swift* v. *Cobb,* 10 Vt. 282; *Carey* v. *Dennison,* 15 Vt. 400; *Flint* v. *Whitney, supra; Barnard* v. *Graves,* 13 Met. 85. Plaintiff was committed to jail about 7 or 8 P. M. of March 1st, and remained until 10 or 11 A. M. of March 2d. There is no pretence that defendant left any copy of his warrant with any certificate of his doings, or any statement of the tax and costs, until about 9 A. M. of March 2. Defendant had no right to commit to jail without, simultaneously with the commitment, furnishing the keeper with the means of releasing the prisoner, that is, with a statement of the tax and costs. The word " when," as used in the sections cited, means, " at the time of." It does not signify such reasonable time after as the jury might think it would take " men of common diligence who knew their duty reasonably well, would commonly use about matters of importance under like circumstances, which circumstances were the amount of work to be done, the time of day or night, the usual hours of labor, the physical ability of the defendant, and the urgency of the business to be done." The question that the court thus submitted to the jury was a pure question of law. It should have been decided by the court.

The charge upon the subject of damages was erroneous, and well calculated to result in injury to the plaintiff. It was manifest error to tell the jury, that such exemplary damages were not " a matter of right that the plaintiff was entitled to, but to punish the defendant," &c. This portion of the charge is in direct conflict with late and well-considered cases. *Devine* v. *Rand,* 38 Vt. 621; *Ellsworth* v. *Potter,* 41 Vt. 685.

*G. W. Harman* and *H. A. Harman (A. B. Gardner* with them), for defendant.

The court having decided to hold that the defendant's doings must appear from his return, and having excluded the evidence at first received, there is no exception taken. Such final ruling was correct. No parol evidence can enter, to vary a collector's official history of his own acts; his case must stand or fall upon his written words. *Snow* v. *Clark,* 9 Gray, 192; *Henry* v. *Til-*

*son*, 19 Vt. 447 ; *Flint* v. *Whitney*, 28 Vt. 680. If this exacting rule bars out all such evidence, how can there be any question for the jury whether the return be true ? This is not an action for a false return, and the official history is conclusive here. *Putnam* v. *Mann*, 3 Wend. 202 ; *Allen* v. *Martin*, 8 Wend. 300.

This case, then, presents the naked question : Did the court rule correctly relative to the defendant's having a reasonable time to leave his copy and return. A legal commitment consists of two parts ; a corporal delivery of the prisoner to the jailor within the jail, and a delivery of the written evidence of the authority and acts. *Kenerson* v. *Bacon*, 41 Vt. 578 ; *Houghton* v. *Wilson*, 10 Gray, 365. These acts necessarily require time. The officer cannot commit the delinquent instantly to jail ; for that edifice may be distant miles from the place of the arrest. He cannot always instantly set out ; the hour may be unsuitable, the weather may forbid. Some period of time must intervene between the first touch of the officer's hand upon the delinquent, and the conclusion of that complex process which makes him the jailor's charge ; and all principles of law declare this period to be a reasonable time. *Renoud* v. *Dackham*, 34 Conn. 516 ; *Ash* v. *Dawnay*, 8 Exch. 243. It is a reasonable time considering all the circumstances. This is the common rule of diligence ; the usual conduct of the average man. It is the duty of the collector to commit the delinquent within that reasonable time. How long this reasonable time shall last, depends on the varying circumstances of each case, and is simply a question of fact.

The opinion of the court was delivered by

Pierpoint, Ch. J. The defendant offered to show by parol his proceedings under his tax-warrant. Plaintiff objected, and claimed that the proceedings of defendant about collecting the tax, should be shown by the return made by defendant upon the copy of his warrant left with the jailor. The evidence offered was received by the court at first, subject to objection. After the evidence was in on this subject on both sides, the court changed its ruling, and decided as claimed by plaintiff, that is, that defendant must show his acts under the warrant by his certificate or return on the copy

52

left. This ruling was correct. The copy and certificate being in, and the certificate being a full return, it was *prima facie* evidence in favor of the defendant of the facts therein stated, but not conclusive as against the plaintiff; he was at liberty to controvert it by his proof, and then the defendant might meet such proof by evidence to rebut it. The evidence on both sides was in the case in fact; and it was in view of such evidence, that the plaintiff framed his request to charge on the subject.

The principal question involved in this case, arises upon the charge of the court below in respect to the time within which an officer who commits a prisoner to jail is required by law to leave a copy of the warrant or process upon which the commitment is made, with a certificate of his doings thereon, with the jailor in whose charge the prisoner is placed.

In c. 84, Gen. Sts., relating to the collection of taxes, it is provided in s. 13, that "for want of goods or chattels whereon to make distress, the constable may take the body of such delinquent, and commit him to the common jail until such tax and costs be paid." Section 14. "When any person shall be committed agreeably to the preceding section, the constable shall leave with the keeper of the jail an attested copy of his warrant, and shall certify his doings thereon in relation to such delinquent."

By this statute it is made the duty of the constable, when he commits the delinquent tax-payer to jail, to leave with the jailor a copy of the warrant on which the commitment is made, together with the certificate, &c. The propriety of this requirement is obvious, when it is considered that such copy is the only authority that the jailor has for detaining the prisoner. Without it, he might discharge him at once. It is, also, the only source from which the prisoner can obtain authoritative information as to the cause of his detention, and what he must do to obtain his release, by payment or otherwise. Still, we do not think that a fair construction of the statute requires that the act of committing the prisoner to the jail and the leaving of the copy, must necessarily be simultaneous. The constable cannot know until the commitment is actually made, that the delinquent will not pay the tax; hence the constable should have sufficient time to make a copy of

Boardman *v.* Goldsmith.

his warrant and certificate, and give the same to the jailor after he has placed the delinquent in the jail. In determining what that time shall be, it must be kept in mind that the law requires that the act shall be done *then* — as soon as a man of ordinary business capacity, exercising due diligence and despatch, can perform the labor required to do the act. It is not a question as to what men of ordinary capacity and diligence would do under like circumstances, or what they would do in the transaction of their own business of equal importance, but a question as to how much time is reasonably *necessary* for a man of ordinary capacity and diligence to perform the labor in, he setting himself about it at once, and using reasonable diligence in the performance of it.

We think the County Court erred in not presenting the subject to the jury clearly and explicitly in this light, but in allowing the jury to judge of the question in view of what men of ordinary capacity and diligence would probably do under like circumstances, rather than in view of what the law requires to be done. If the fact were fully established to the satisfaction of the jury, that every man in the community would have done just as the defendant did in this case, under the same circumstances, it would be no defence, unless the requirements of the law were complied with. The charge in this respect was well calculated to mislead the jury, and in view of the undisputed facts, probably did so. We think that upon the defendant's own testimony, the court would have been fully justified in telling the jury that in its judgment, as a matter of fact, the defendant did not leave a copy with the jailor within that reasonable time that the law allows Judging from the copy of the warrant and certificate furnished us, and in view of the circumstances given by the defendant, thirty minutes would probably have been ample time within which to do all that the law required of the defendant. He did not perform it until the next day, some fifteen hours after the incarceration of the plaintiff, he being held in jail during that period without authority.

Other questions were discussed in this court, some of which do not fairly arise upon the exceptions; others were properly disposed of by the court, especially the one in relation to damages, in which we think the ruling was correct; but as the point upon

which we have turned the case seems to be the vital one, the others are not discussed.

The judgment of the County Court is reversed, and the cause remanded.