MAYER, KAHN & FREIBERG ET AL. v. J. M. DUKE.

No. 2507.

1.  **Practice—Motion to Postpone.**—An application to postpone the trial of a case on the civil docket to a future day in the term is under the discretion of the court and will not be revised on appeal.

2.  **Continuance.**—Where a party to a suit residing in another county neglects to have his testimony taken by depositions, or for any reason chooses to take the risk of his attendance upon the court when there is time for taking his depositions, he is not entitled to a continuance on account of his absence, although his testimony be material and his absence accidental.

3.  **New Trial—Practice.**—Where no diligence was used to obtain the testimony of a witness in the court below, the refusal to grant a new trial based upon the absence of such witness is not ground for reversal on appeal.

4.  **Actual Damages—Attachment.**—In a suit for the illegal seizure of a stock of goods under attachment where sale was made and proceeds were applied to the credit of the plaintiff in the suit for damages the sum realized on the sale should be deducted from the value at the time of the seizure as ascertained by the jury, and the remainder with interest from the seizure would be the actual damages the plaintiff would be entitled to recover. This is the rule whether the credit is pleaded or not.

5.  **Exemplary Damages.**—Where the facts are alleged and proved entitling plaintiff to exemplary damages he is entitled to them in the verdict. It is proper for the court to instruct the jury upon finding such facts to give exemplary damages.

6.  **Same—Injury to Credit, etc.**—Injury to the standing and credit of a defendant in attachment may be considered by the jury in estimating exemplary damages where they are proved.

7.  **Same.**—Where an attachment was both wrongful and malicious, in an action for damages from it it is not error that the court instructed the jury to find vindictive damages.

8.  **Charge—Exemplary Damages.**—The omission in the charge to state that exemplary damages are given in way of punishment can not be complained of by the defendant against whom judgment for such damages has been rendered.

9.  **Excessive Damages.**—See case where verdict for $4000 exemplary damages held not to be excessive.

10. **Offensive Words by Counsel.**—The use of offensive epithets by counsel to the opposite party, when the court below at the time reproved and fined the counsel uttering them, will not be presumed to have been injurious to the party against whom uttered, and are not a sufficient cause for reversal.

11. **Remittitur—Costs.**—Where judgment is manifestly excessive and no mention is made of the excess in the motion for new trial, nor any charge to the jury asked touching the matter, and where there is a remittitur entered in this court, the judgment will be reformed, but at costs of appellant.

12. **Sheriff Protected by Valid Writ.**—Where only actual damages are claimed against an officer sued for the seizure of personal property of the defendant, that he acted under a valid writ will be a protection at suit of the defendant in the writ under which he acted.

APPEAL from Colorado. Tried below before Hon. Geo. McCormick.

This is an appeal from a judgment for $956 actual and $4000 exemplary damages rendered in favor of Duke, the appellee. The judgment for exemplary damages was against appellants, Mayer, Kahn & Freiberg, the plaintiffs, and suing out the attachment. The judgment for actual

and exemplary damages was against the said plaintiffs in attachment, and Simpson & Shaw, their sureties on the attachment bond, and against the sheriff, Townsend, who made the seizure under the attachment.

The contention on appeal involves the rulings of the court below upon the application of the appellees for a postponement of the case and for a continuance, both of which were refused; upon the amount of damages actual and exemplary; upon the proper charges to be given the jury in cases where exemplary damages are claimed and sufficiently supported to be submitted as an issue; and the effect of offensive and violent personal abuse indulged in by counsel in the closing argument.

The opinion sufficiently gives the facts, save as to the closing argument of counsel for plaintiff.    Upon this subject the brief for appellant is referred to as part of the statement.

*Scott & Levi,* for appellants.—1. The facts shown in connection with the applications for postponement, for continuance, and for a new trial were sufficient to authorize and require the court to grant each of said applications as made in turn, especially the application for new trial in view of the results of the trial and of the fact that one of the defendants, Kahn, was a most important and material witness on behalf of defendants, that his testimony was important, and that his absence from the trial was the excusable result of a misunderstanding and that appellants used due diligence to procure his attendance as soon as the misunderstanding was discovered.    Rev. Stats., art. 1368; Dowell v. Winters, 20 Texas, 796; Buford v. Bostick, 50 Texas, 375; Gross v. McClaren, 17 Texas, 108; Freem. on Jud., secs. 100, 102, 106; Davenport v. Ferris, 6 Johnson, 131; McKinley v. Tuttle, 34 Cal., 235; Carter v. Dorrance, 11 Ga., 654; Porter v. Johnson, 2 How. (Miss.), 736; 4 How. (Miss.), 282; Gwin v. Harris, 1 Smedes & M. Ch., 528; 6 Johns., 592–8; 1 Stra., 975; 13 S. & M., 127; 4 Nev., 171; 13 Nev., 194; 1 Coxe, N. J. L., 201; 2 Beasly, N. J. Eq., 59; 2 Beasly, N. J. Eq., 130; 13 N. J. Eq., 185; 18 N. J. Eq., 36.

2.    The charge of the court, the verdict of the jury, and the judgment rendered are erroneous in view of the evidence, in that the evidence showed that the plaintiff had already received the benefit of $258.30 from the attached property by way of a credit on the judgment in the attachment suit, and yet the court by its charge directed the jury to find and the jury did find for the plaintiff the full value of said attached property, and a judgment was rendered for the full amount of the verdict so found.    Wallace v. Finberg, 46 Texas, 46; Blum v. Stein, 68 Texas, 608; 1 Sutherl. on Dam., 238, 239, 240, and 241.

3.    The court erred in charging the jury that if they believed the attachment was sued out maliciously and without probable cause they should find for the plaintiff against the defendants vindictive or exem-

plary damages, and in thereby depriving the jury of their discretion to give or not give such damages. Sedg. on Dam., 454; 1 Suthl. on Dam., 742; Wylie v. Smitherman, 8 Iredell, 236; Snow v. Carpenter, 49 Vt., 426; Boardman v. Goldsmith, 48 Vt., 403; Johnson v. Smith, 64 Me., 553; Graham v. R. R., 66 Mo., 536; R. R. v. Burke, 53 Miss., 200; R. R. v. Kendrick, 40 Minn., 374; Hawk v. Ridgway, 33 Ill., 473.

4. In charging the jury to find this verdict for punitory damages with reference to the injury to the plaintiff's business, his credit, and standing as a merchant, if any were proven, giving to him such compensation as he ought in justice to receive and the defendants ought in justice to pay, the court ignored the true basis of punitory damages (which is punishment of defendants from considerations of public policy and the benefit of which inures only incidentally to the plaintiff) and made the injury to plaintiff in matters too remote for actual damages the basis of punitory damages, and invited the jury to speculate in plaintiff's behalf as to consequences which were incapable of lawful computation. Punitory damages are allowed as punishment and not as compensation. Cotton Press Co. v. Bradley, 52 Texas, 599; Cole v. Tucker, 6 Texas, 268; Graham v. Roder, 5 Texas, 148–150; Smith v. Sherwood, 2 Texas, 460; R. R. v. Shirley, 54 Texas, 148; Gordon v. Jones, 27 Texas, 620; Sedgwick on Dam., 38, 454; Field on Dam., 28, note; Day v. Woodworth, 13 How., 363. Injury to credit and indirectly to business too remote to be considered a basis of compensation. Wallace v. Finberg, 46 Texas, 47; Drake on Att., sec. 176; 1 Sutherland on Dam., 98.

5. The charge of the court is erroneous, in that the jury were instructed to find a verdict against the defendant Townsend, whereas the pleadings and the evidence did not justify any such charge, but showed that said Townsend acted merely as an officer of the law in the execution of valid and lawful process of a court of competent jurisdiction, and the verdict of the jury responsive to said charge and the judgment of the court based upon said verdict are likewise erroneous for the same reason. Rev. Stats., arts. 162, 164, 165, and 166; Hilliard v. Wilson & Blum, 65 Texas, 289.

6. The court erred in refusing to grant a new trial for the reason set out in defendants' original and amended motions therefor, including closing argument of counsel for plaintiff as set out in bill of exceptions.

Among other matters defendants moved for a new trial on the ground that plaintiff's counsel in closing the argument used the improper language given below, which was calculated to influence and prejudice the jury against defendants. The motion was overruled. Defendants' counsel in argument reasoned from the expression, "*Fraus non est fallere fallentem.*" Plaintiff's counsel in reply said: "By use of said quotation, counsel admit their clients are cheats and charge our client to be a cheat, and say it is not wrong for one cheater to cheat another. We do

not admit our client is a cheat, but so far as their clients are concerned I believe they have admitted the truth, and I would not only say cheats, but if I were not afraid the court would fine me I would say damned scoundrels." For which remark the court fined him, and thereupon he apologized to the court and jury. Defendants by bill reserved an exception to the language. Willis v. McNeill, 57 Texas, 465, and cases cited; Blum v. Simpson, 66 Texas, 88.

*Foard, Thompson & Townsend,* for appellee. — 1. The motion to postpone was within the discretion of the court, which will not be revised unless manifest injury accrues.

2. On continuance. Rev. Stats., 1248; T. & P. Ry. Co. v. Hardin, 62 Texas, 367; Arnold v. Hockney, 51 Texas, 46; Allyn v. Willis & Bro., 65 Texas, 65.

3. Motion for new trial. 52 Texas, 112; 59 Texas, 71; 61 Texas, 282; 63 Texas, 405; Jernigan v. Wirner, 12 Texas, 189; 46 Texas, 30; 42 Texas, 508; Mitchell v. Bass, 26 Texas, 372; Ward v. Cobbs, 14 Texas, 303; McGehee v. Shafer, 9 Texas, 20; Merriman v. Fulton, 29 Texas, 97; Pinkard v. Pinkard, 14 Texas, 356; Blackman v. Green, 17 Texas, 322.

4. The omission of the credit for the amount for which the goods sold confessed as error in fact, but as there were no pleadings by defendants setting it up the appellants can not avail themselves of the error. Sayles' Texas Pl., sec. 119.

5. Upon the charge of the court upon exemplary damages. Willis & Bro. v. McNeill, 57 Texas, 465.

6. The remarks of appellee's counsel were improper. He was fined, and apologized to the court and jury. We deny that they had any effect on the case unless perhaps to injure his own client. Besides these remarks were made in reply to appellants' attorney, Judge Delany, who is a fine clasical scholar and in his speech used the Latin quotation "*Fraus non est fallere fallentem.*" The first attack was made by appellants' attorney, who accused or intimated that appellee was dishonest, and they ought not now to complain that in the battle of epithets they were worsted. T. & P. Ry. Co. v. Garcia, 62 Texas, 286; H. & T. C. Ry. Co. v. O'Hare, 64 Texas, 600.

Gaines, Associate Justice.—This suit was brought by appellee to recover of appellants damages both actual and exemplary for the seizure of appellee's goods under a writ of attachment alleged to have been wrongfully and maliciously sued out. Mayer, Kahn & Freiberg were the plaintiffs in the attachment proceedings. This suit was brought not only against them but also against the sureties upon the attachment bond and the sheriff who levied the writ. Appellee recovered a judgment against

all the appellants for actual and against Mayer, Kahn & Freiberg for exemplary damages.

It is first urged that the court erred in refusing to postpone the trial of the case to a later day of the term, and in overruling the defendants' application for a continuance. The case by agreement of counsel was set for the sixth of September and was called for trial on that day. A postponement was first asked, which being refused a continuance was applied for upon the ground of the absence of Jacob Kahn, one of the defendants, who was alleged to be a material witness for the defense.

The application showed that Kahn had been informed by one of the attorneys for the defense a few days previous that the case had been set for the sixth of September, and that as soon as it was discovered that he was not in attendance upon the court his attorneys had telegraphed his firm that the case was called and had received a reply informing them that he was at the town of Willis and could not reach Columbus, where the court was held, until the eighth day of the month.

The application further showed that the affiant did not know the cause of Kahn's absence, but knew that he was impressed with the importance of his presence upon the trial, and that the affiant believed that his absence was the result of some mistake. The applications for postponement and for a continuance stated substantially the same facts. No diligence was shown to procure the testimony of the witness. The suit was instituted in December, 1886, and the case was not called until the following September. The record discloses that Kahn was a resident of Galveston County and diligence required that his deposition should have been taken. The motion to postpone was purely in the discretion of the court and the application for continuance showed no legal diligence and was properly overruled.

In connection with the assignments of error which raise the question just considered counsel for appellant submit their sixth assignment, which is as follows: "The court erred in refusing to grant a new trial for the reasons fully set out in defendants' original and amended motions therefor, including closing argument for plaintiffs as set out in defendants' bill of exceptions number five."

There are seven grounds upon which a new trial is asked in the original motion and additional grounds are stated in the amended motion. We think therefore that the assignment is too general to call for the consideration of any ground urged in the motion except that of language used by counsel for plaintiff in the closing argument to the jury.

But should we look to the question sought to be raised by counsel in their brief under this assignment we could not say that the court committed an error in the particular complained of. It may be conceded that the affidavit of Kahn attached to the motion for a new trial sufficiently showed the materiality and importance of his testimony and that

his failure to attend was the result of a mistake as to the day which was set down for the trial of the cause. The fact, however, remains that the diligence was not used which the law requires. A party to a suit whose testimony is material to his cause may prefer to give his testimony in person, and may therefore decline to have his deposition taken in his own behalf. But if he do so he takes the risk of losing the benefit of his testimony in the event he should fail from any cause to attend upon the trial. Having elected to take his chance of attendance upon the trial his absence should not in an ordinary case be permitted to result to the prejudice of the opposite party. It should neither be a ground for a continuance or for the granting of a new trial.

There is nothing in this case to take it out of the ordinary rule. The facts within the knowledge of Kahn could have been as well presented by deposition as by his oral testimony upon the stand. Besides, the affidavits supporting the motion for a new trial tend very strongly to show that the mistake which caused his absence came about by his negligence in failing to give attention to his counsel when the latter informed him of the day set down for the trial of his case. At all events it was the result either of his own negligence or that of his counsel, and the consequence would be the same in either case.

It is insisted that the verdict of the jury for actual damages is excessive. The plaintiff annexed to his petition a bill of particulars of the goods seized by virtue of the attachment showing the value of each item and an aggregate value of $1198. He testified that the prices stated in the exhibit were the market value of the goods in Eagle Lake (the place of their seizure) on the day the levy was made. The verdict was for $956 actual damages. But it appears in evidence that a part of the goods were sold by the sheriff for the sum of $258.30, which amount was credited on the judgment in favor of Mayer, Kahn & Freiberg against appellee rendered in the attachment suit. We are of opinion that defendant was entitled to recover as actual damages only the value of the goods seized less the proceeds of the sale which were credited upon the judgment. Blum v. Stein, 68 Texas, 608. But the counsel for appellee insist that because this matter was not specially pleaded there was no error. A better practice would have been to have pleaded the fact of the sale of the goods and that the appellee received the benefit of the proceeds in the manner as above stated.

But the petition claimed that the plaintiff had been damaged to the extent of the value of the goods. A general denial was pleaded, and under this we think the defendants were entitled to show that this was not true; that in point of fact the plaintiff received the benefit of the proceeds of the sale, and that thereby his loss to that extent was diminished. The ruling would doubtless have been in accordance with this view if the matter had been called to the attention of the trial court. The as-

signment that the actual damages awarded by the jury are excessive to the extent of the credit on the judgment in the first suit is well taken. But the appellee having offered to remit the error may be corrected here and hence is not a ground for reversal.

The eighth assignment of error is that "the court erred in charging the jury that if they believed the attachment was sued out maliciously and without probable cause they should find for the plaintiff against the defendants vindictive or exemplary damages, and in thereby depriving the jury of their discretion to give or not to give such damages."

The proposition contained in this assignment is not without authority to support it. Some of the text writers on the law of damages lay down the doctrine that exemplary damages are not a matter of legal right and cite in its support the cases referred to in appellants' brief. We will briefly consider these cases. The Vermont and Mississippi cases cited sustain appellants' proposition, and we think it may be deemed the settled law in those States. Snow v. Carpenter, 49 Vt., 426; Boardman v. Goldsmith, 48 Vt., 403; R. R. Co. v. Burke, 53 Miss., 200. In the case last cited the Supreme Court of Mississippi hold that it is error to instruct the jury to give exemplary damages without leaving it to their discretion, but also hold that it is not reversible error. In Wylie v. Smitherman, 8 Iredell, 236, the suit was to recover damages for the burning of a court house. The judge charged the jury that the measure of damages "was not that for which the court house would have sold, but the amount it would have taken to rebuild such a court house at that place as was destroyed." The Supreme Court held this was error and that the real value of the house was the true measure of damages. This was the point decided. There was no question of exemplary damages in the case, and though the judge who wrote the opinion made some remarks upon that subject he nowhere says that where a case for exemplary damages is made out it is discretionary with the jury whether to allow them or not.

In Johnson v. Smith, 64 Me., 553, the question was whether in an action for an assault punitory damages could be awarded. It was argued on behalf of the appellant, the defendant below, that because the assault was punishable in a criminal proceeding, therefore exemplary damages could not be allowed. The court held the contrary and decided that the trial judge did not err in instructing the jury that they might give such damages. The charge quoted does say that such damages can not be claimed as a legal right, but that portion of the charge was favorable to defendant and was not complained of, and hence the point was not before the court.

In the case of Hawke v. Ridgeway, 33 Ill., 473, the judgment was reversed for error in the charge. The court say: "Whether the trespass was committed under circumstances of aggravation is a question for the jury. If this instruction was understood by the jury, as it most likely

was, as requiring them to assess vindictive damages, as it took from their consideratoin all question of aggravation, we think that it virtually told them that they should find such damages. That question should have been left to their determination." This is sufficient to show that the point under consideration was not involved in this case. The same may be said of Graham v. Railroad Co., 66 Mo., 536. We have not examined the case of Railroad Co. v. Kendrick, 40 Minn., 374, the volume not being accessible to us at this branch of the court.

It appears from the foregoing review of the cases cited by counsel for appellants that the Vermont cases alone hold that to instruct the jury to give exemplary damages is reversible error. On the other hand we find it distinctly held in Hooker v. Newton, 24 Wis., 292, that an instruction which tells the jury that they "ought" to give exemplary damages is not erroneous. In speaking of punitory damages in that case the court say: "It can not be assumed that the law in giving this power of punishment to juries designed that it should be exercised arbitrarily, wantonly, or capriciously. It was not designed that it should be withheld or applied from any personal motive of favoritism or animosity existing in the breasts of the jury. Ou the contrary it must· have designed that it should be exercised in an equal and uniform manner, without respect to persons and with the single purpose of accomplishing the object of granting the power at all, that of protecting the community from such injuries. This can only be accomplished by giving juries to understand that where the facts are such as authorize them to exercise the power, it ought be to exercised."

In Goodall v. Thurman, 1 Head, 209, an instruction which told the jury that they "should give plaintiff exemplary and substantial damages" was held correct by the Supreme Court. See also Coryell v. Colbaugh, 1 N. J. L., 77; Hodgson v. Millward, 3 Grant's Cases, 406; Knight v. Foster, 39 N. H., 576; Platt v. Brown, 30 Conn., 366.

The case of Champion v. Vincent, 20 Texas, 812, was an action by the appellant against appellee instituted in the Justice Court to recover damages actual and exemplary for the killing of three hogs. The plaintiff recovered in the Justice Court, but on appeal to the District Court the verdict was for the defendant. The proof showed that the hogs were delivered to the plaintiff after they were killed and that he used them. The value of the hogs was $4 or $5 each. The opinion of the court concedes that the plaintiff having used the hogs could not recover for their value; but reverses the judgment on the ground that the court erred in instructing the jury that if the hogs were received by the plaintiff and the killing was done without malice the plaintiff could not recover. The court say: "It is surprising that the jury should have found no evidence of malice in the positive proof of the willfulness and deliberation of the act and the animosity between the parties." We infer that

the court were of opinion that the jury should have given exemplary damages, and that but for this the judgment would not have been reversed.

We are aware that it is usual to instruct the jury in cases calling for a charge upon the subject that they "may" give exemplary damages provided they find a certain state of facts proved by the evidence. An examination of the cases in our own reports will show that the trial judges have ordinarily used the term "may" in charging upon this subject. Yet it seems to us that in many cases at least it would not have been error for them to have gone further, and instructed the juries that they should find exemplary damages if they found the facts proved which warrant such damages.

Upon the subject of exemplary or punitory damages there is much conflict, and it seems to us some confusion in the authorities. Some courts hold with Prof. Greenleaf that the law does not recognize such damages. But in most cases they practically attain the same result as if such recovery was allowed by instructing the juries in cases of aggravation to consider as elements of compensation what in other jurisdictions are only allowed as exemplary damages. Our courts permit damages by way of punishment in a proper case, but also in allowing exemplary damages permit a recovery for losses too remote to be considered as elements of strict compensation.

When an attachment has been wrongfully and maliciously sued out the jury are permitted to take into consideration the loss of credit in assessing the exemplary damages. We are of opinion that in such a case it should not be held error for the court to instruct the jury that if they find that the attachment was both wrongful and malicious they should give exemplary damages.

The charge is also complained of because it did not instruct the jury that exemplary damages should be given by way of punishment. The charge in our opinion was correct as far as it went, and it was the duty of defendants to ask the additional instruction if they desired it to be given. We also think that the omission to tell the jury that they should give exemplary damages by way of punishment was calculated to operate to the prejudice of the plaintiff but not to that of defendants.

It is also complained that the exemplary damages are excessive. They are large; but it is a gross outrage wrongfully and maliciously by process of law to seize a debtor's property and break up his business although he may be unable promptly to meet his obligations. The records of this court show that it is an evil of frequent occurrence. The heavy damages awarded by juries in these cases seem to evince that they are aware that the only way to suppress the practice is to punish the offenders by verdicts for substantial damages. The amount of exemplary damages is largely in the discretion of the juries, and this court can only set aside their verdicts

for excess in amount in such cases when the damages are so large as to show passion, prejudice, or partiality. .We think the court did not err in refusing to set aside the verdict for exemplary damages as excessive.

The petition showed no cause of action against the sheriff, Townsend; although the attachment may have been wrongfully and maliciously sued out, the writ protected him. The judgment must be set aside as to him, but the appellee offering to dismiss as to him in case the judgment is otherwise affirmed, he will be here dismissed with his costs.

In reference to the language of plaintiff's counsel used in his closing argument to the jury, we deem it sufficient to say that the court having promptly reprimanded the counsel and fined him for contempt, did all that could properly have been done to maintain its dignity and to prevent the language from having any influence upon the jury. The offensive words related to no facts outside of the record. They were merely epithets applied to the principal defendants, and though highly improper, being like all other epithets weak as arguments, are not to be presumed to have influenced the minds of the jury.

The appellee having offered to remit the excess in the actual damages hereinbefore pointed out, should the court require him to do so, the judgment less the sum so remitted will be affirmed as to all the appellants except Townsend. The fact of the excess in the judgment for actual damages to the extent of the amount of the proceeds of the sale of the goods not having been called to the attention of the court below in the motion for a new trial, and no charge having been asked upon the subject, the appellee will recover his costs both here and in the court below except such costs as have accrued by reason of Townsend's having been made a party to the suit.

*Reversed and rendered.*

Opinion January 18, 1889.