## J. H. NOLAN v. JOHN MENDERE.

### No. 141.

**1. Tort—Actual and Exemplary Damages.**—Mendere owned and with his family occupied a house built upon his lot adjoining a lot owned by Nolan. Nolan constructed a shed or livery stable for stock upon his own lot, and without Mendere's consent and against his protest cut holes in the walls of Mendere's house, which was built near the dividing line, and made it a part of the shed. In addition to causing actual damages, Nolan acted wantonly and without regard to Mendere's rights, and greatly disturbed him and his family. *Held*, a verdict and judgment in favor of Mendere for $100 actual and $135 exemplary damages are sustained by the evidence.

**2. Charge of Court—Exemplary Damages.**—The charge of the court directing the jury that if they found a certain state of facts proved by the evidence, they " should" give exemplary damages, instead of " may" give such damages, is justified by the facts of this case, and there was no error in using the word " should" instead of " may."

APPEAL from Grayson. Tried below before Hon. P. B. MUSE.

*Hare, Edmundson & Hare* and *Brown & Bliss*, for appellant.—1. The court erred in the second charge given to the jury, in this, that after reciting the facts which would justify the finding of exemplary damages, the said charge contains this language, " then you should find for the plaintiff what in law are termed exemplary damages, as punishment, in such reasonable sum as you may see proper," whereas it was a matter of discretion with the jury to find the damages or not, and not a matter of right upon the part of the plaintiff. Railway v. Kendrick, 40 Miss., 374; 1 Suth. on Dam., 742.

2. The verdict of the jury for exemplary damages is contrary to the law and the evidence, because there is no sufficient evidence to show that the defendant acted through malice or with gross negligence, or in such a manner as to show a reckless disregard of the rights of plaintiff. 1 Suth. on Dam., 824; Hays v. Railway, 46 Texas, 280; Flannigan v. Womack, 54 Texas, 45.

*W. W. Wilkins* and *Maughs & Peck*, for appellee.—1. If the jury believed from the evidence that appellant cut holes or drove plugs in the wall of appellee without his consent, or that he caused it to be done, and that the wall was thereby damaged; and if they believed in so doing appellant acted willfully and maliciously, or with gross negligence, or in such a way as to show an utter and reckless disregard of the rights of appellee, then it was proper for the court to charge the jury that they should find for appellee exemplary damages in such reasonable sum as they saw proper. Mayer, Kahn & Freiberg v. Duke, 72 Texas, 452; Clark & Loftus v. Pearce, 80 Texas, 149.

2. If appellant cut holes or drove plugs in appellee's wall without his consent, or caused it to be done, and not only refused to desist when warned that it would ruin appellee's wall, but ordered his employes to go on with the work, and the wall was damaged thereby, he would be liable for exemplary damages. Gordon v. Jones, 27 Texas, 622; Cole v. Tucker, 6 Texas, 266; 1 Suth. on Dam., 724.

LIGHTFOOT, CHIEF JUSTICE.—*Conclusions of Fact.*—John Mendere, appellee, owned a lot in the city of Sherman, and had constructed thereon a house, in which he resided with his family; his lot adjoined that of appellant, and the wall of appellee's house near the line of appellant's lot was of stone. Appellant constructed a shed or livery stable for stock upon his own lot, and without appellee's consent, and against his protest, cut holes in the wall of his house and made it a part of appellant's shed, whereby the wall was damaged and injured to the full extent of the actual damages found by the jury. In addition to the actual damage, appellant acted wantonly and without regard to the appellee's rights, and greatly disturbed him and his family, to such an extent that the verdict for punitory or vindictive damages is fully sustained by the evidence.

Appellee brought suit for damages, and there was a verdict and judgment for appellee for $100 actual damages and $135 exemplary damages, from which this appeal was taken.

*Conclusions of Law.*—1. The first assignment of error complains of that part of the charge of the court which instructs the jury upon the question of exemplary damages, as follows: "If you believe that the defendant cut holes or drove plugs in the wall of plaintiff, or that he caused this to be done, and that the wall was thereby damaged; and if you believe in so doing the defendant acted willfully and maliciously, or with gross negligence, or in such a way as to show an utter and reckless disregard of the rights of plaintiff, then you should find for plaintiff what in law are termed exemplary damages, by way of punishment of defendant, in such reasonable sum as you may see proper."

Appellant objects to the use of the word *should* in the above charge as error, and insists that the word *may* was necessary and was the only proper word in that connection; and insists that the use of the word *should* was equivalent to a direct instruction to find for plaintiff exemplary damages. In the case of Mayer, Kahn & Freiberg v. Duke, 72 Texas, 445, Judge Gaines, commenting upon this exact question, on page 453 says: "We are aware that it is usual to instruct the jury in cases calling for a charge upon the subject, that they 'may' give exemplary damages, provided they find a certain state of facts proved by the evidence. * * * Yet, it seems to me, in many cases, at least, it would

not have been error for them to have gone further and instructed the juries that they should find exemplary damages, if they found the facts proved which warranted such damages."

We think the facts of this case justify the charge, and there was no error in giving it.

2. The only remaining assignment presented in the brief of appellant is, that the verdict of the jury is contrary to the law and the evidence, because there is not sufficient evidence to authorize a finding for exemplary damages. We think the evidence was amply sufficient.

The judgment is affirmed.

*Affirmed.*

Delivered January 10, 1894.