ROBINSON, Respondent, vs. SUPERIOR RAPID TRANSIT RAILWAY COMPANY, Appellant.

*October 16 — November 4, 1896.*

*Street railways: Wrongful ejection of passenger:* Res gestæ: *Exemplary damages: Malice: Ratification.*

| 94 | 345 |
|---|---|
| 106 | 18 |

| 94 | 345 |
|---|---|
| s84 LRA | 205 |
| 57 LRA | 186n |
| 57 LRA | 190n |

| 94 | 345 |
|---|---|
| 116 | ³630 |

1. In an action against a street railway company to recover damages for wrongful ejection from one of defendant's cars for alleged nonpayment of fare, evidence of the conversation between plaintiff and the conductor concerning such payment from the time it

Robinson vs. Superior Rapid Transit R. Co.

was made until the plaintiff was allowed to re-enter the car upon convincing the conductor of that fact, including what the conductor said just after the plaintiff stepped back into the car, was admissible as part of the *res gestœ.*

2. Even though the jury found in such case that the conductor maliciously ejected the plaintiff, the latter was not entitled to exemplary or punitory damages as matter of legal right. The doctrine of *Hooker v. Newton,* 24 Wis. 292, that the jury *ought* to give them in such a case, disapproved.

3. Exemplary damages can only be recovered from the principal for the wrongful and malicious act of the agent when such act is either authorized or ratified by the principal.

4. Where the only evidence of such ratification was the retention of the conductor after service of a complaint, which was offered in evidence and excluded, alleging that his conduct was malicious, it was error to take the question of ratification from the jury.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Ross, Dwyer & Hanitch,* and oral argument by *W. D. Dwyer.*

For the respondent the cause was submitted on the brief of *Yate H. V. Gard.*

CASSODAY, C. J. This is an action to recover damages by reason of the defendant having, without cause, unlawfully, wilfully, maliciously, and with force and violence, ejected and expelled the plaintiff from one of its railway passenger cars, upon which he was rightfully riding after having paid his fare. The defendant answered, by way of admissions, denials, and allegations, to the effect that, if the plaintiff had paid his fare, the conductor of the car had forgotten the fact, and so ejected the plaintiff only after he had refused to inform the conductor whether he had paid his fare or not. At the close of the trial the jury returned a verdict to the effect that they found for the plaintiff, and assessed his damages at $250, of which sum $200 was so

awarded as exemplary damages. From the judgment in favor of the plaintiff for the full amount stated and costs, the defendant brings this appeal.

1. We perceive no error in allowing the plaintiff to testify as to the conversation between himself and the conductor in respect to paying his fare while riding on the car, and at the time and immediately after he was ejected, and just after he got on the car again. The controversy was as to whether the plaintiff had or had not paid his fare. He was put off because the conductor claimed he had not paid his fare. He was allowed to get on the car again because the conductor became convinced that he had paid his fare. The *res gestœ* commenced when he paid his fare, and did not terminate until he returned to the car, and was allowed, by the conductor, to ride peaceably. Within the authorities, it included what the conductor said just after the plaintiff stepped back into the car. *Hooker v. C., M. & St. P. R. Co.* 76 Wis. 542; *Hermes v. C. & N. W. R Co.* 80 Wis. 592; *Reed v. Madison,* 85 Wis. 674. The case is clearly distinguishable from *Grisim v. Milwaukee City R. Co.* 84 Wis. 22; *Ehrlinger v. Douglas,* 81 Wis. 59.

2. Error is assigned because the trial court, after charging the jury to the effect that the plaintiff was entitled to a verdict for compensatory damages for all injuries, including injuries to his feelings, further charged them to the effect that, if the conductor maliciously put the plaintiff off the car, then he was " *also entitled* " to what are called exemplary or punitory damages; that is, something different from, and over and above, the compensatory damages which the law allowed them to impose in such a case, in the way of warning and punishment, and as a public example. There is no claim that at the time in question the conductor was not acting within the scope of his employment, nor that the plaintiff had not paid his fare. The plaintiff was therefore entitled to compensatory damages. Whatever may be the

rule in other states, it is settled in this state that, in actions for personal torts, such compensatory damages include not merely the plaintiff's pecuniary loss, but also compensation for mental suffering; and that, in awarding such damages in such a case, no distinction is to be made between other forms of mental suffering and that which consists in a sense of wrong or insult. *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Fenelon v. Butts*, 53 Wis. 344; *Grace v. Dempsey*, 75 Wis. 323; *Reinke v. Bentley*, 90 Wis. 459. The question here presented is whether the plaintiff was "also entitled," as a matter of law, to "exemplary or punitory" damages, in case the jury found that the conductor maliciously ejected the plaintiff. In *Day v. Woodworth*, 13 How. 371, Mr. Justice GRIER, speaking for the court, said that, "in actions of trespass and all actions on the case for torts, *a jury may* inflict what are called exemplary, punitive, or vindictive damages upon a defendant, having in view the enormity of his offense, rather than the measure of compensation to the plaintiff. . . . *This has been always left to the discretion of the jury,* as the degree of punishment to be thus inflicted must depend on the peculiar circumstances of each case." This is quoted approvingly by Mr. Sutherland (1 Suth. Dam. § 392). The same was followed in *Pike v. Dilling*, 48 Me. 539, where numerous adjudications are referred to, and an instruction to the jury to the effect that in such case they "were authorized, *if they thought proper*, in addition to the actual damages the plaintiff has sustained, to give him a further sum, as exemplary or vindictive damages, both as a protection to the plaintiff and as a salutary example to others, to deter them from offending in like cases," was held to be in accordance with the weight of judicial authority in this country. In *Webb v. Gilman*, 80 Me. 188, it was said by the court that "exemplary or punitive damages cannot be demanded as a matter of right; actual damages may be." To the same effect: *Foote v. Nichols*, 28 Ill. 486; *New Orleans, St. L.*

& C. R. Co. v. Burke, 53 Miss. 200; Wabash, St. L. & P. R. Co. v. Rector, 104 Ill. 296; Boardman v. Goldsmith, 48 Vt. 403; Snow v. Carpenter, 49 Vt. 426; Kentucky C. R. Co. v. Gastineau's Adm'r, 83 Ky. 119; Louisville & N. R. Co. v. Brooks' Adm'r, 83 Ky. 129; Stilson v. Gibbs, 53 Mich. 280; Wilson v. Bowen, 64 Mich. 133. In the last Illinois case cited, an instruction substantially like the one in the case at bar was held bad. In one of the Kentucky cases cited, an instruction that the jury "should" give punitive damages if they found the neglect wilful was held error; and, in the other Kentucky case cited, it was held error to instruct in such a case that the jury "ought" to award punitive damages. It is true that an instruction to the effect that the jury "ought" to give exemplary damages in such a case was sustained by this court in Hooker v. Newton, 24 Wis. 292; but the case is not in harmony with the best-considered cases nor with the weight of authority. Mr. Thompson, in his excellent work, after stating that "the jury may, if they think proper, give damages by way of punishment," says: "It may be stated that, in cases in which such damages may be given, whether they will be given or not is a question within the discretion of the jury. Many judgments have been reversed because the jury were allowed to give such damages, but no case is recollected where a judgment was reversed because such damages were not given, though, possibly, such cases may be met with in the recent books of reports." 2 Thomp. Trials, § 2065. The reason for the rule, as indicated in some of the cases cited, is that the primary object of such action is to fairly compensate the plaintiff for the wrong he has suffered and the injury he has sustained, and that he is not entitled, as a matter of legal right, to anything more. Accordingly, some courts of high standing refuse to allow punitory damages in cases similar to this.

3. There is another matter calling for consideration. The charge left the question of exemplary damages to turn

wholly upon the question whether the conduct of the conductor was malicious,— the same as though the action had been directly against him. This court has repeatedly held, in effect, that such exemplary damages can only be recovered against the principal for the wrongful and malicious act of the agent, when such act is either authorized or ratified by the principal. *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Bass v. C. & N. W. R. Co.* 36 Wis. 450; *S. C.* 39 Wis. 636; and *S. C.* 42 Wis. 654; *Eviston v. Cramer,* 57 Wis. 570; *Patry v. C., St. P., M. & O. R. Co.* 77 Wis. 218; *Mace v. Reed,* 89 Wis. 440; *Hagan v. P. & W. R. Co.* 3 R. I. 88; *S. C.* 62 Am. Dec. 377. On the same day that the plaintiff was so ejected from the car, September 12, 1894, the conductor reported his version of the transaction to the defendant; but that report, while it was not expressly excluded on the objection of the plaintiff, was allowed in evidence simply as showing that the defendant had no knowledge of wrong on the part of the conductor. The only evidence of notice to the defendant that the conduct of the conductor was malicious is the allegations contained in the complaint served September 25, 1894. There is nothing to indicate that the complaint was read to the jury, nor that they knew its contents, and the trial court stated, at the time the evidence was excluded, that there was not any evidence in the case of ratification. It does appear that the conductor was in the employ of the defendant from July 28, 1894, to December 18, 1894, and then left of his own accord. Such retention of the conductor in the employment of the defendant, with knowledge that such conduct of the conductor was wilful and malicious, would have been evidence tending to prove ratification. The decisions of this court cited are to that effect. See, also, cases cited in the notes to 62 Am. Dec. 387; *Cleghorn v. N. Y. C. & H. R. R. Co.* 56 N. Y. 47. In taking the question of such ratification from the jury, the court necessarily held that, if the jury found that

the conduct of the conductor was malicious, then the defendant was *conclusively* bound to know the same, because it was so alleged in the complaint. This, we think, was error.

*By the Court.*— The judgment of the superior court of Douglas county is reversed, and the cause is remanded for a, new trial, or, at the option of the plaintiff, for judgment in his favor on that part of the verdict assessing compensatory damages.