WARNER v. MISSOURI PAC. RY. CO. et al. WALKER v. SAME.
MEIGS v. SAME.

(Circuit Court, W. D. Tennessee. December 9, 1901.)

Nos. 3,538, 3,540, 3,542.

1. LIBEL.—PLEADING IN ACTION AGAINST CORPORATION—SUFFICIENCY OF ALLEGATION OF EXPRESS MALICE.

Under the decisions of the supreme court of the United States, limiting the liability of a corporation for the malice of its agent in the publication of a libelous letter, if on the face of plaintiff's declaration it be a privileged communication, the essential averment of express malice in the pleading should not be confined to a bare statement "that the defendant corporation acted maliciously, with the deliberate intent and purpose to defraud the plaintiff," but should go further, and connect the corporation with the express malice of the agent by a substantive averment that it had authorized the writing and publication of the letter, or that it had ratified such acts, or else of facts from which such authority or ratification is to be implied. But a demurrer for want of such averments was overruled because no adjudicated case, so far as the court was advised, had required them, and the cases seem to permit proof of those facts on the same general averments of malice as would be sufficient if the suit were against an individual.

2. SAME.

A letter written by a superintendent of a railroad company to the president of a news company, calling his attention to an alleged misbehavior of the news agent in charge of a stand in the railroad company's station house, and inviting an investigation of the facts, is a privileged communication; but if the plaintiff avers that the defendant railroad company acted maliciously, with deliberate purpose to defame him, the case must go to an issue, and cannot be dismissed on demurrer.

3. SAME—IDENTIFICATION OF PLAINTIFFS AS PERSONS DEFAMED.

The same rule applies to an allegation that defendant published the libel of and concerning the plaintiff, and, although the letter only refers to the parties as "your agent" and "two girls of tender years," if the extrinsic facts averred in the declaration connect the three several plaintiffs with the occasion, so that they can be, by those facts, identified, the case must go to an issue, and cannot be dismissed on demurrer. The

question whether the stated facts do identify the plaintiffs as the persons defamed is one for the jury or the court on the trial of the issues joined.

Actions at Law for Libel. On demurrer to declarations.

Jere Horne and Tim. E. Cooper, for plaintiffs.

McFarland & Neblett and Turley & Turley, for defendants.

HAMMOND, J. It has not been doubted that on the merits of these demurrers they should be sustained, if we are to consider fair and reasonable inferences to be drawn from the facts stated in the declarations. The difficulty has been one of pleading and essential distinctions between that which may be decided in actions of libel on demurrer, as questions of law, and that which only can be decided on issue joined and upon the evidence offered or admitted at the trial.

These are suits against three associated corporations, which we may now treat as one, for an alleged libel by the publication of a letter set forth in hæc verba in the declarations, which also we may treat as one. The letter, in my judgment, is clearly a privileged communication on the face of it, and made more certainly so by the averments of the declaration, seemingly unnecessary, as a strict matter of form in pleading, "that said J. D. Moore is constituted the superintendent, * * * and that it is a part of his official duty to supervise the management of said railway lines, depots, stations," etc., "and to maintain good order and decent behavior therein." The letter is a communication by him to another employé of the company, or, what is the same thing, the grantee by contract of the privileges of occupying the station house for the purpose of serving the passengers awaiting there with lunches and other conveniences for their use. It concerns a suggested investigation by that employé of the alleged indecent behavior of a subemployé of the defendant company, or, what is the same thing, the employé of the grantee of the privilege who attended to the lunch stand and served the wants of the passengers in the station house. It is difficult for my mind to conceive a more thoroughly privileged communication, on the most familiar rules of law on that subject, and I have been strongly inclined to dismiss at least the suit of that subemployé on that ground.

The question of privileged communication, on the face of the alleged libel, is always one of law for the court on demurrer. 13 Enc. Pl. & Prac. 59. And also it is a question of law when the facts are conclusively developed on the trial. Trussell v. Scarlett (C. C.) 18 Fed. 214; Locke v. Bradstreet Co. (C. C.) 22 Fed. 771. As to the other plaintiffs, the fact of a privileged communication is quite as clear on the face of the declarations. They were, on the occasion to be investigated, the companions of the subemployé of the defendant company at its lunch stand; that is, the lunch stand of the company pro hac. It being in the company station house for the company's purposes and conveniences, it was, for the purposes of this case and as to these plaintiffs, the company's possession. These two plaintiffs were either licensed visitors in the company's station house,—

its waiting passengers,—or else trespassers. In either of these relations they were subject to the company's police supervision, and the investigation of their alleged indecent behavior on the company's premises with the company's employé was the privilege of the company, and that privilege might be exercised through the means of the letter set out in the declaration. Whether this privilege was absolute or conditional is quite immaterial on the consideration of this demurrer, because the conditions are plainly set out in the averments of the declaration.

But our trouble is that it is strenuously insisted by the plaintiffs that their declarations allege that the publication was made with malice on the part of the company; that malice takes away the privilege; and that malice always is a question of fact for the jury, and never a question on demurrer for the court. And this is so, certainly, if the peculiar malice of a corporation, in such cases, has been properly pleaded in the declaration. Also it is strenuously insisted that the fact of publication is one for the jury, and cannot be determined on demurrer. White v. Nicholls, 3 How. 266, 11 L. Ed. 591; Chiatovich v. Hanchett (C. C.) 88 Fed. 873; Saunders v. Baxter, 6 Heisk. 383. It is argued that the declarations do not limit the alleged publication to the addressee of the letter, but make the broad allegation of publication generally by the defendant company, and that until the evidence is in the court cannot say what other publication there may have been in addition to that made to the addressee of the letter. This would be conclusive against the demurrer if the suits were against individuals, and not a corporation, and all the cases cited by counsel on the point of pleading malice are against individuals, and not corporations. I have found no case, and none has been cited, which decides the point as to how express malice is to be averred against a corporation in an action of libel, particularly where the case requires express malice to be especially pleaded and proved, as it always does when the alleged libel on its face is privileged; for it must be remembered that express malice against a corporation, without capacity to act except through its agents authorized expressly or impliedly as such, is, in the nature of the thing, peculiar. Does the express malice of an agent suffice in pleading or in proof of the fact? Shall the ill will of an agent be imputed to the corporation on a bare declaration of express malice on its part, leaving the plaintiff at large to prove whatever express malice there may be on the part of any agent capable of ill will towards the plaintiff? or must the plaintiff, as in other cases of pleading, aver the particular facts showing that the express malice of a particular agent— one or more—concerned in the transaction is imputable, because of his authority to bind the company to a responsibility for his express malice? or must he plead a ratification, if that fact be relied upon to bind the company? These are not suggestions of the old difficulties lying in the way of charging a corporation with actionable malice, such as have been brushed aside by the decisions that it may be so liable; but it is a question of the proper method of pleading that peculiar kind of malice for which alone the latest of the cases in the supreme court say a corporation may be punitively or otherwise held

liable in tort. The cases in libel against individuals may not be conclusive on this point. Nor is the question unaffected by the differences between common-law and code methods of pleading a fact necessary to be especially pleaded.

It is important to examine the exact averments of this declaration in that behalf. It opens on this point thus: "That on the 18th day of June, 1899, the said defendants [the three associated corporations being the only defendants] wrote and published of and concerning the plaintiff the following false, malicious, and defamatory letter, with intent to defame the plaintiff." It closes on the same point thus: "Plaintiff avers that said libelous writing is false; that the same was made and published of the plaintiff by the defendants falsely and maliciously, with the deliberate intent and purpose to defame him, the said plaintiff."

There are no facts stated in the declaration tending to show any malice, except such as may be implied from the face of the privileged communication itself, and such as may be implied from the averment that it was published by the defendant, no matter how. It is not in any way shown how it was published, except by the letter of the superintendent to the addressee, and as to the writer no ill will or express malice is anywhere averred. "A complaint showing on its face that the alleged libelous publication is privileged will be demurrable, notwithstanding an allegation that the publication was false and malicious. If a publication is privileged, express malice must be averred. It is not sufficient to allege that the language used was false and malicious, but it must be averred that the defendant acted maliciously." 13 Enc. Pl. & Prac. 59.

Now, how is it to be averred that a defendant corporation "acted maliciously"? And how is this "express malice" to be proved? Clearly, even as between mere individuals, the opening clause of the declaration falls within the condemnation of the paragraph just cited from the Encyclopedia. Does the other clause of the declaration meet the requirements of the law of pleading, as stated in the Encyclopedia? Is the second clause any different from the first? There is some difference in the phrasing of the words, but nothing more, unless a difference is to be found in the use of the word "deliberate" in the second clause not found in the first, and the addition of the word "purpose" in conjunction with "intent." I have wished to trace the cases out, both as to individuals and corporations, to see how "express malice" is averred, but the reports rarely give the pleadings, and it is difficult to do so in busy times, for either court or counsel.

If we turn, now, to the great case of Railway Co. v. Prentice, 147 U. S. 101, 13 Sup. Ct. 261, 37 L. Ed. 97, we find, in a case where a conductor grossly maltreated a passenger with every circumstance of contumely and disgrace, that the court decided that "a railroad corporation is not liable to exemplary or punitive damages for an illegal, wanton, and oppressive arrest of a passenger by the conductor of one of its trains, which it has in no way authorized or ratified." And in the subsequent and equally great case of Gaslight Co. v. Lansden, 172 U. S. 534, 19 Sup. Ct. 296, 43 L. Ed. 543, the same

ruling was applied in a libel case based on a personal letter written by the defendant corporation's "general manager." The court said:

"In this case no specified authority was pretended to have been given the general manager, Leitch, to write the letters which he sent to Brown, or to authorize the publication of anything whatever in the periodical named. We are, then, limited to an inquiry whether the evidence is sufficient upon which a jury might be permitted to base an inference that Leitch had the necessary authority to act for the company in this business." 172 U. S., at page 544, 19 Sup. Ct., at page 300, and 43 L. Ed., at page 548.

This was said both as to compensatory and punitive damages, and the corporation was given a new trial.

Neither of these rulings arose upon a question of pleading, but one cannot read these and other cases without seeing that they are developments of the law of malice as applied to corporations, and are intended to correct misunderstandings prevalent in adjudicated cases. On the general principles of pleading, whether at common law or under our modern codes, such a condition of limitation on the liability of a corporation for the express malice of its agents should require, and does, in my judgment, a special averment of authority or of ratification, or else such a special statement of facts as would on their face show by the averments that authority or ratification is to be reasonably implied. This kind of pleading would save long trials of insubstantial suits, and that is what pleadings are intended to do. The general averment that a corporation "acted maliciously" is inappropriate to its limited liability and incongruous in fact. It does not give a defendant corporation notice of what it has to meet with regard to its dealings with its agents that should bind it to a liability for them on account of their malicious acts. It is appropriate enough as to an individual, or as to the agent of a corporation, in a personal suit against him, to say that he "acted maliciously." But a corporation cannot "act maliciously." It only authorizes its agents to do so, and this authority is the substantive averment; or it ratifies the act of the agent, and this ratification becomes the substantive averment; or else the substantive averment is to be found in a "statement of facts" which shows on the face of that statement that the authority or ratification is to be implied. Nothing like either of these is shown in this declaration, and on that theory the demurrers should be sustained. But not finding any adjudicated case establishing this view of the law of pleading express malice as against a corporation, I do not feel authorized to adopt it, reasonable as it seems to me.

The defendants' demurrer and argument go upon the theory that the agent had no authority to act. The declaration says, in effect, that he did, if we are to take the above-quoted expressions of the declaration as sufficient, under so general a form, to aver that fact. The malice of the corporation being sufficiently averred, if it be, takes away the defense of privileged communication appearing on the face of the pleading, but leaves it to operate at the trial, if no authority to write and publish be shown, either expressly or impliedly, or if no ratification be proven under these all too general averments, under any system of good pleading.

There is another ground of demurrer, based on the alleged want of identity of the plaintiffs; but the declaration states the extrinsic facts relied on to connect the alleged libel with the plaintiffs, and as fully as possible in a pleading without stating mere matters of evidence. The evidence to come may not be sufficient, but, as a pleading, the averment that the alleged libel of the letter and its publication was of and concerning the plaintiffs is sufficient of itself, if the extrinsic facts stated be specific enough as to time, occasion, and circumstance of identification of the person meant to be accused by the alleged libelous publication. 13 Enc. Pl. & Prac. 39, 40; Pursell v. Archer, Peck (Tenn.) 317; Bank v. Bowdre, 92 Tenn. 740, 23 S. W. 131; Banner Pub. Co. v. State, 16 Lea, 176, 57 Am. Rep. 216; Shannon's Code, § 4618; Id. § 4660, subds. 20, 21; Le Fanu v. Malcomson, 1 H. L. Cas. 636. These authorities show that, like malice, publication and the identity of the plaintiffs are questions for the jury, and not for the court on demurrer. It seems quite impossible, on the authorities, to defend a libel suit by demurrer, since so much is left to be developed only by the proof at the trial.

Demurrer overruled.