Allen, J.
 

 (The single important question involved in this case is whether, in the trial of a personal injury action between a passenger and a common carrier for an assault upon the passenger by the employe of the common carrier, it constitutes reversible error to allow the introduction of testimony as to the financial wealth of the defendant, and to charge the jury that it may return a verdict for punitive damages; there being no allegation in the pleadings nor evidence upon the record, that the defendant committed, acquiesced in, or ratified, the assault, nor that defendant was negligent in employing or retaining the employe.!
 

 At the trial, over the objection of the defendant, the court permitted the plaintiff to introduce testimony as to the wealth of the defendant company, and charged the jury as follows:
 

 “You have no right, gentlemen of the jury to give any further damages unless the assault complained of was made by the defendant’s servant in the course of his employment, and within the scope of his authority, express or implied, in a wanton and oppressive manner, or with a reckless disregard of the rights of said plaintiff. If these elements were present, you may add punitive dam
 
 *528
 
 ages, but you are not obliged to do so. And if you find that there has been malice, insult or oppression in the manner above set forth, you may also add reasonable counsel fees to compensatory damages.”
 

 The record exhibits no evidence whatever to the effect that the defendant directed, ratified, or acquiesced in the assault charged, or was negligent in employing or retaining the motorman. The petition contains no such allegation. This case, therefore, squarely raises the question as to whether punitive damages may be recovered against a corporation for an assault committed by its employe upon a passenger, in the absence of such allegation and such proof.
 

 [There are' decisions arising from courts of last resort to the effect that under these circumstances punitive damages may be recovered. It is, however, the weight of reputable text authority that a corporation should not be held liable under these facts. This doctrine is based upon the theory that as punitive damages are recoverable only for guilty motive, or for wanton and malicious misconduct, they should not be allowed against the principal or master in oases where no such motive, wantonness, or malice upon his part is alleged nor shown.' Bauer on Damages, 1'25; 1 Sedgwick on Damages (9th Ed.), 740, 741.
 

 Mr. Mechem, the distinguished text-writer on Agency (2 Mechem on Agency [2d Ed.], ¡Section 2014, p. 1583), takes the same view. Speaking of punitive damages he says:
 

 “If they are to be awarded at all, it would seem that, however much they may be, justified against
 
 *529
 
 the guilty servant or agent himself, they should not be awarded against the principal or master unless it can be shown that in some way he also has been guilty of the wrongful motives upon which such damages are based. It seems hard enough against an innocent principal or master that he should be compelled to pay compensatory damages for the wrongful act of his servant or agent, without adding thereto punishment for that of which he is in fact actually innocent, and the cases which are believed to be the best considered have adopted this view.”
 

 This view, although as stated above, not supported in certain jurisdictions, obtains in very recent holdings of the highest importance and authority.
 
 Warner
 
 v.
 
 Missouri Pacific Ry. Co.,
 
 112 Fed., 114, at page 117.
 

 A leading case upon this question is the case of
 
 Lake Shore & Michigan Southern Ry. Co.
 
 v.
 
 Prentice,
 
 147 U. S., 101, 13 Sup. Ct., 261, 37 L. Ed., 97, which holds that a railroad corporation is not liable for exemplary or punitive damages for an illegal, wanton, and oppressive arrest of a passenger by the conductor of one of its trains, which it has in no way authorized, or ratified. Upon the trial of this case the court charged the jury that punitive damages could be recovered if the conductor’s conduct when ordering the arrest of the plaintiff, who was a passenger on the train, was found by the jury to have been wanton and oppressive. The court held that guilty intention on the part of the defendant was required in order to charge him with exemplary and punitive damages, saying that, provided the criminal intent was
 
 *530
 
 brought home to the corporation, no doubt the corporation could be held liable for exemplary damages for the act of an agent within the scope of his employment. The gist of the reasoning of the decision in the
 
 Prentice case
 
 is found upon page 107 of 147 U. S. (13 Sup. Ct., 261, 263, 37 L. Ed., 97), where the court says:
 

 “Exemplary or punitive damages, being awarded, not by way of compensation to the sufferer, but by way of punishment of the offender, and as a warning to others, can only be awarded against one who has participated in the offense. A princip'al, therefore, though of course liable to
 
 make
 
 compensation for injuries done by his agent within the scope of his employment, cannot be held liable for exemplary or punitive damages, merely by reason of wanton, oppressive or malicious intent on the part of the agent. ’ ’
 

 To the same effect is the case of
 
 Washington Gaslight Co.
 
 v.
 
 Lansden,
 
 172 U. S., 534, 19 Sup. Ct., 296, 43 L. Ed., 543 See, also,
 
 Ricketts
 
 v.
 
 C. & O. Ry. Co.,
 
 33 W. Va., 433, 10 S, E., 801, 7 L. R. A., 354, 25 Am. St. Rep., 901;
 
 Voves
 
 v.
 
 Great Northern Ry. Co.,
 
 26 N. D., 110, 143 N. W., 760, 48 L. R. A. (N. S.), 30;
 
 Robinson
 
 v.
 
 Superior Rapid Transit Ry. Co.,
 
 94 Wis., 345, 68 N. W., 961, 34 L. R. A., 205, 59 Aim. St. Rep., 897.
 

 The holding in Ohio which comes nearest to deciding this point is that of the
 
 Atlantic & Great Western Ry. Co.
 
 v. Dunn, 19 Ohio St., 162, 2 Am. Rep., 382, the syllabus of which reads:
 

 “A corporation may be subjected to exemplary or punitive damages for tortious acts of its agents or servants done within the scope of their employ
 
 *531
 
 ment, in all cases where natural persons, acting for themselves, if guilty of like tortious acts, would he liable to such damages.”
 

 This syllabus goes further than the facts of the case warrant. Upon the facts of the case the corporation was held to be liable for attorney fees as
 
 compensation
 
 only. The syllabus itself, however, is not counter to the proposition herein announced.
 

 /No natural person would have been liable for exemplary damages in the case now before us without proof of wantonness or oppression or malicious intent. A corporation cannot be held for exemplary damages unless like proof of wantonness or oppression or malicious intent is made.. Such proof, from the nature of things, can only arise from evidence that the corporation directed, participated in, or ratified the assault, or was negligent in employing or retaining the employe, f Other contentions are raised by the plaintiff in error, but upon careful consideration the court finds that such errors, if committed, were not prejudicial. Upon the single ground that the court erred in its charge upon punitive damages, we are compelled to reverse the judgment of the Court of Appeals.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson, Jones, Matthias and Day, JJ., concur.
 

 Wanamaker, J., not participating.