No. 1002

ATHENS & POMEROY COAL CO. v. TRACY

Ohio Appeals, 3rd Dist., Meigs Co.

Decided March 23, 1925

221. CHAMPERTY — An assignment of rights and interest of lessors to the lessee of a coal lease in prosecuting an action for damages, is not champertous even though the lessors would recover but $250 out of the $16,000 claimed.

27. ACTIONS—Two actions cannot be maintained in the same suit when one is in conversion and the other in trespass, and it is error for the trial judge to fail to strike one cause of action even though damages were recovered upon one cause alone.

225. CHARGE TO JURY—It is error for a court to charge that the wilful acts of an employee are the wilful acts of an employer when the employer neither knows about nor ratifies such acts.

355. DAMAGES—The measure of damages in a mining case for wilful conversion is the value of the coal at the tipple and not on floor of mine.

MAUCK, P. J.

James Tracy was the owner of a leasehold for the purpose of mining coal in Meigs County; and the owners of all but a fraction of the fee assigned to Tracy whatever rights they might have, for damages against the defendant, the Athens & Pomeroy Coal Co., upon the acts complained of. In his amended petition in the Meigs Common Pleas, Tracy set up two causes of action.

First that the Coal Co. wilfully and knowingly mined 2500 tons of coal from under his leasehold to his damage in the sum of $10,000 and second, that the Coal Co. wilfully broke and entered his premises, driving shafts and entries, thereby rendering unminable a large amoun tof coal to his damage in the amount of $4,000 and further damaging the mining of coal in the sum of $2,000. In all damages were prayed for to the sum of $16,000.

The Athens & Pomeroy Coal & Land Co. admitted mining 1,896 tons of coal; but otherwise denied the amended petition and especially denied that the coal was mined wilfully. Judgment was rendered by the trial court for $5,000 on the first cause of action, and nothing upon the second.

Error was prosecuted to reverse the judgment, the Coal Co. urging that the assignment of lessor's rights in the action was champertous; that the trial court should have sustained its demurrer to at least one of Tracy's causes of action; that the trial court refused to give instructions that the trespass was committed inadvertantly; and that the court erred

in its charge as to the measure of damages upon which the recovery was predicated. The Court of Appeals held:

1. From a close study of Tracy's petition it is disclosed by the assignment that he expected to gain $16,000 in damages while paying out only $250.

2. This apparently is an unjust situation but the right to recover is not based upon the real property rights but upon a penalty imposed on a trespasser and therefore does not constitute a champertous contract. 49 OS. 475.

3. Tracy cannot recover both for damages to his real property and for conversion of his property, for in a suit upon conversion he waives his right of recovery for injury to his real property. 37 OS. 292.

4. Tracy therefore had a right to elect upon which cause of action he would predicate his suit; but after selecting one he could not prosecute both and it is error for the court to allow the case to be tried upon both causes of action.

5. It is argued by Tracy that as the judgment was rendered wholly upon one count, it is not prejudicial to the Coal Co. This view cannot be taken as the record shows too much evidence on the second count by which the jury was influenced.

6. In any other action but this, it would be error for the court to refuse to charge before argument, that the presumption is that the Coal Company's trespass was inadvertant; but in mining cases the presumption is upon the defendant to prove inadvertance.

7. The Coal Company claimed that the court should have charged that if the coal were taken by conversion, the measure of damages should be the value of the coal on the floor of the mine, and not at the tipple as was charged.

8. The principle that no one should profit by his own wrong would be violated if the contention of the Coal Co. were upheld, and in this respect the charge is correct.

9. However, it was error for the court to charge that if the mine superintendent knew of the trespass and it was wilful on his part, it was wilful upon the part of the owners, because damages were given to Tracy not because of any real property right; but were exacted from the Coal Co. as punishment for their wrong doing.

10. An employer cannot be punished for personal guilt of his servants and such damages could not be assessed unless the employer authorized or ratified the wrongful act. 109 OS. 526.

Judgment therefore reversed.

Attorneys—A. D. Russell, Pomeroy, and Jones & Jones, Athens, for Coal Co.; D. Curtis Reed, Pomeroy, for Tracy.