TRAUTH, ADMR., APPELLANT, v. DUNBAR ET AL., APPELLEES.

[Cite as Trauth v. Dunbar (1983), 5 Ohio St. 3d 68.]

(No. 82-274—Decided May 25, 1983.)

*Messrs. Keating, Muething & Klekamp, Mr. William A. Posey, Mr. Joseph L. Trauth, Jr.,* and *Mr. Mark J. Weber,* for appellant.

*Dooley, Heath & Schneider Co., L.P.A.,* and *Mr. James V. Heath,* for appellee Dunbar.

*Messrs. Lindhorst & Dreidame* and *Mr. Stephen A. Bailey,* for appellee Spartan Management Corp.

*Per Curiam.*

## I

In light of the disposition of this case by the court of appeals, we must first examine whether the issue of Spartan's liability for punitive damages was properly before the jury.

Appellant argues that the following facts establish a basis for awarding punitive damages against Spartan:

"(1) Spartan's agents shouted at the children to move away from their original safe play area, causing Jun Ku An to move to the mud puddle near the blacktopped area.

"(2) Spartan paid Dunbar for the use of his automobile and required him to use it in his employment. Spartan further required Dunbar to drive into

the area where Jun Ku An was killed with knowledge that children regularly played there.

"(3) Spartan had previously designated the area where Jun Ku An went to play as a fenced in play area. * * *

"(4) Spartan had torn down the fence around the area and had converted it into a parking lot without providing any warning to children or to Dunbar. * * *" (Citations to the record deleted.) The court of appeals found that "[t]here is nothing within the record which tended to prove that * * * [Spartan] authorized, participated in or ratified the act or acts of its employee alleged to have been the proximate cause of the fatal injuries in this case." We agree with this finding and the application of the prior holdings of this court. See, *e.g., Columbus Railway, Power & Light Co.* v. *Harrison* (1924), 109 Ohio St. 526.

Dunbar ignored the danger which he knew to be on his left and looked over his right shoulder. As a matter of law, the facts quoted above, which appellant argues constitute a basis for assessing punitive damages against Spartan, do not indicate that Spartan authorized, participated in or ratified Dunbar's conduct. The trial court, therefore, should not have allowed the jury to consider the issue of punitive damages as to Spartan.

## II

The court of appeals, however, stated that this error was "so prejudicial and so pervasive" that it necessitated a new trial as to all issues. We disagree.

The jury returned separate verdicts as to each defendant, awarding appellant $5,000 in punitive damages against Dunbar and $95,000 in punitive damages against Spartan. As we discussed in Part I of this opinion, the evidence pertaining to Spartan was separate and distinct from that pertaining to Dunbar on the issue of punitive damages. Likewise, the jury was charged separately as to Spartan's liability for punitive damages. Although the trial court should not have allowed the jury to consider this issue, it does not necessarily follow that the rest of the verdict is tainted.

Rather, we affirm our traditional deference to the role of the jury. Error as to one issue need not attach to others. Cf. *Mast* v. *Doctor's Hospital North* (1976), 46 Ohio St. 2d 539 [75 O.O.2d 556]. The court of appeals, therefore, erred by remanding the case to the trial court for a new trial as to all issues.

## III

The court of appeals also declined to rule on two of the assignments of error filed by Dunbar and Spartan. The court viewed those assignments as moot, because it had ordered a new trial. This conclusion, however, is contrary to the requirement of App. R. 12(A) that: "* * * All errors assigned and briefed shall be passed upon by the court in writing * * *."[1]

---

[1] Dunbar and Spartan argue that the court of appeals had not responded to two other assignments of error. Those parties, however, did not file a notice of cross-appeal. Section 1(A)(d) of Rule I of the Rules of Practice of the Supreme Court.

Accordingly, we reverse the holding of the court of appeals that a new trial is necessary and remand the case to that court for further proceedings consistent with this opinion.

*Judgment accordingly.*

W. BROWN, SWEENEY, LOCHER and WILSON, JJ., concur.

CELEBREZZE, C.J., and C. BROWN, J., concur in part and dissent in part.

HOLMES, J., dissents.

WILSON, J., of the Second Appellate District, sitting by assignment.

CLIFFORD F. BROWN, J., concurring in part and dissenting in part. I concur in that part of our judgment holding that retrial of the issues which resulted in jury verdicts of $129,857.33 for compensatory damages against defendants Spartan and Dunbar and $5,000 for punitive damages against defendant Dunbar are unnecessary. In my view, a new trial on these issues would have violated our recent holding in *Mast* v. *Doctor's Hospital North* (1976), 46 Ohio St. 2d 539 [75 O.O.2d 556], which mandates that jury verdicts on issues submitted without error be left undisturbed. I dissent, however, from that part of our judgment which affirms the finding of the court of appeals that the $95,000 punitive damages award against defendant Spartan was improper.

An employer is liable for punitive damages where the evidence establishes that the employer authorized, ratified, or participated in the wrongdoing of the employee. *Saberton* v. *Greenwald* (1946), 146 Ohio St. 414 [32 O.O. 454]; *Tracy* v. *Athens & Pomeroy Coal & Land Co.* (1926), 115 Ohio St. 298; *Columbus Railway, Power & Light Co.* v. *Harrison* (1924), 109 Ohio St. 526; *Tibbs* v. *National Homes Constr. Corp.* (1977), 52 Ohio App. 2d 281, 296 [6 O.O.3d 300]; *Levin* v. *Nielsen* (1973), 37 Ohio App. 2d 29 [66 O.O.2d 52]. If such employer exhibits a "conscious and deliberate disregard of the interests of others," the employer's conduct may be characterized as "willful or wanton" and punitive damages are justified. See *Detling* v. *Chockley* (1982), 70 Ohio St. 2d 134, 138 [24 O.O.3d 239] (citing Prosser, Law of Torts [4 Ed.], at pages 9-10).[2]

In the present case, plaintiff placed into evidence unrebutted facts which demonstrated both Spartan's wanton indifference to the consequences of its actions and its integral participation in the causal chain of events which led to the death of Jun Ku An. This evidence, as recounted by the majority, included the following:

(1) Spartan's agents shouted at the children to move away from their

---

[2] See, also, *Pisel* v. *Baking Co.* (1980), 61 Ohio St. 2d 142 [15 O.O.3d 175]; *Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114 [4 O.O.3d 243].

safe play area. These directives caused Jun Ku An to move to the puddle adjacent to the employee parking area, where he was eventually struck down by Dunbar.

(2) Spartan paid Dunbar for the use of his automobile and required him to use it in his employment. Further, Spartan required Dunbar to drive into the area even though it knew that the children regularly played in this location.

(3) Spartan had previously designated the location as a fenced-in playground.

(4) Spartan tore down the fence and converted the area into a parking lot without warning either the children or its employee Dunbar.

It is clear that under the Ohio law of punitive damages and this court's prior holdings in regard to wanton misconduct, the plaintiff proved sufficient facts to support a claim for "actual malice" against both Spartan and Dunbar. It follows that the jury awards against the defendants on both compensatory and punitive damages are on a sound factual basis and should not be disturbed. I would reverse the judgment of the court of appeals in toto and reinstate the original jury verdicts.

CELEBREZZE, C.J., concurs in the foregoing opinion.

HOLMES, J., dissenting. I am in agreement with the court of appeals that in the stance of this case there need be a remand to the trial court for a new trial. The jury, by virtue of confusing their deliberations with the element of punitive damages, to Dunbar as well as Spartan, lost their way in the determination of compensatory damages. I would therefore affirm the judgment of the court of appeals.