DECISION.
The plaintiffs-appellants, Sandra L. Scott and her husband, Charles Dennis Scott, appeal from the judgment of the trial court awarding Sandra Scott $21,683.23 for injuries that she suffered in a car accident caused by the defendant-appellee, Rebecca Condo. In their two assignments of error, the Scotts argue that (1) the trial court erred by denying their motion for a new trial based upon the inadequacy of Sandra Scott's damage award, and (2) that the verdict of the jury denying Charles Scott damages for loss of consortium was against the manifest weight of the evidence. For the following reasons, we sustain the first assignment with respect to Sandra Scott's claim for damages to compensate her for future pain and suffering and future physical limitation. But we reject the asserted errors with respect to the other damage claims, as we cannot say that the jury's determinations were against the manifest weight of the evidence or resulted in a legally inadequate damage award.
Pursuant to a referral by the trial court for compulsory arbitration, a panel of arbitrators originally awarded the Scotts $50,000, the maximum allowed. Condo appealed the arbitration award, and the case was subsequently tried before a jury solely on the issue of damages. The jury awarded damages only for Sandra Scott's past medical expenses ($7,723.23), past pain and suffering ($7,500), past inability to perform usual activities ($1,000), and lost wages ($5,460). The jury expressly awarded zero damages for Charles Scott's past and future loss of consortium, and zero damages for Sandra Scott's future pain and suffering, future medical expenses, and future inability to perform usual activities.
In their first assignment of error, the Scotts argue that the trial court erred by denying their motion, under Civ.R. 59(A)(4), for a new trial based upon inadequate damages. They argue that the jury ignored uncontroverted evidence that Sandra Scott would suffer future pain and suffering, would be disabled from specific work activities or specific hobbies, and would require future surgery and medical treatment.
"The question of whether to grant a new trial upon the basis of the weight of the evidence is within the sound discretion of the trial court." Yungwirth v. McAvoy (1972), 32 Ohio St.2d 285, 286,291 N.E.2d 739; see, also, Rhode v. Farmer (1970), 23 Ohio St.2d 82,262 N.E.2d 685. "In order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness,cannot be reconciled with the undisputed evidence in the case, or is theresult of an apparent failure by the jury to include all the items ofdamage making up the plaintiff's claim." Bailey v. Allberry (1993),88 Ohio App.3d 432, 435, 624 N.E.2d 279 (emphasis in original).
Under App.R. 12(D), a reviewing court may order a retrial "of only those issues, claims or defenses the original trial of which resulted in error." Mast v. Doctor's Hospital North (1976), 46 Ohio St.2d 539, 541,350 N.E.2d 429. This is so because "error as to one issue need not attach to others," and issues tried without error must be allowed to stand.Id.; see, also, Trauth v. Dunbar (1983), 5 Ohio St.3d 68, 70448 N.E.2d 1368.
Here, the evidence was undisputed that Sandra Scott would continue to suffer some degree of pain as a result of the accident, and some degree of physical limitation. Her neurological injuries included post-concussive syndrome and post-traumatic headaches, and her orthopedic injuries included chronic lumbosacral strain with right lumbar radiculopathy, as well as ligament and muscle injury. Her orthopedic symptoms were back pain, leg pain, numbness, and discomfort. There was evidence from which the jury could have concluded that the headaches had become indistinguishable from occasional, ordinary migraines, and that the only treatment she was still receiving from her neurologist was a periodic refill on pain medication. Her orthopedic injuries, however, remained significant. Although defense expert Dr. Malcolm A Meyn, Jr., an orthopedist, testified that Sandra Scott had reached maximum recovery from her orthopedic injuries, his testimony did not rule out continued subjective symptoms of pain and some measure of physical limitation. Sandra Scott's treating orthopedist, Dr. James Hsu, testified that a series of nerve blocks had failed to eliminate the pain she was experiencing, and that she would continue to experience significant limitation of her usual daily activities. Sandra Scott testified that that she still experienced significant pain and could not perform certain specified activities, including such daily household chores as vacuuming and making the bed.
The evidence with respect to the probability of future surgery, however, was less certain. Dr. Meyn opined that surgery would not be necessary in the future, although he did concede that surgery might be a possibility if there was evidence of a disc bulge. Dr. Hsu, who had obtained MRI evidence of "minimal diffuse bulging in the discs," testified that surgery to correct the discs would be necessary as Sandra Scott aged and the discs deteriorated. Significantly, however, Sandra Scott testified that she was not willing to have any further surgery. She stated that she had "had enough" surgery and that she was "not interested in surgery" unless she could be assured of a ninety- percent chance of success an assurance that Dr. Hsu had not yet offered.
Dr. Hsu estimated the cost of future surgery at $10,000. The Scotts did not present evidence of a monetary amount for future non-surgical medical expenses.
Based upon the foregoing, we hold that the trial court abused its discretion by not granting a new trial on the issue of Sandra Scott's damages for future pain and suffering, and future inability to perform usual activities, as clearly the award of zero damages was inadequate and contrary to the manifest weight of the evidence. We hold, however, that the jury could properly have found the prospect of future surgery speculative, given Sandra Scott's testimony that she was not interested in any more surgery unless Dr. Hsu offered her a ninety-percent chance of success — an offer of success for which there was no evidence. Because the Scotts did not present any evidence of non-surgical future medical expenses — hospitalizations, physical therapy, office visits, and the like — there was no other basis upon which the jury could have awarded future medical expenses. As this court has previously held, without expert evidence on the future course of medical treatment, a jury is not permitted simply to infer from the expense of past treatment an amount of damages for future treatment. See Waller v.Phipps (Sept. 14, 2001), Hamilton App. No. C-000758, unreported.
With respect to the second assignment of error, we cannot say that the jury's award of zero damages for Charles Scott's past and future loss of consortium was irreconcilable with the evidence. As counsel for the Scotts acknowledged in closing argument, Charles Scott was not the best witness in his own behalf, perhaps because he was simply too honest. He testified that before the accident the household chores were divided between the couple on an indoor-outdoor basis, but that after the accident he had "moved indoors also." He testified that he was "[a] little more hands-on with the children," and that he had "benefit[ed] from [the change] a little bit myself." Asked to amplify on that statement, he said, "Well, the way I was raised the woman's job was in the house doing the chores and we pretty much lived by that up until a certain point, but I've benefited. I've reaped the benefits of doing my own laundry or doing the kids' laundry, doing more hands-on with the children. I've learned from doing it." Concerning the couple's sexual relations, Charles Scott testified that he could not "honestly say that [their physical relations were] really any different" after the accident.
Accordingly, we find no error in the trial court's refusal to grant a new trial with respect to Charles Scott's consortium claims, and therefore the second assignment of error is overruled.
Based on the foregoing, we hold that the trial court erred when it failed to grant a new trial, but only with respect to Sandra Scott's claim for future pain and suffering, and for her future inability to perform usual activities. But the trial court's denial of a new trial on all the other claims was appropriate. We therefore affirm the trial court's judgment in part, reverse it in part, and remand this case for further proceedings consistent with this decision.
Judgment affirmed in part and reversed in part, and cause remanded.
HILDEBRANDT, P.J., DOAN and GORMAN, JJ.