By the Court.
 

 The reversal by the Court of Appeals in this case is based upon two grounds: First, for error in the court failing to grant the
 
 *301
 
 motion of the coal company to direct a verdict in its favor on the second cause of action in the plaintiff’s amended petition; and, second, for error in the court’s general charge on the instruction to the jury that as a matter of law the knowledge and acts of the mine superintendent were the knowledge and acts of the Athens
 
 &
 
 Pomeroy Coal & Land Company.
 

 As to the first alleged ground of error, Ave are not disposed to regard the same as prejudicial, because whatsoever error there might have been therein was corrected by the special finding of the jury awarding the plaintiff no recovery upon the second cause of action; and, further, if the two causes of action were improperly joined, the question of misjoinder might have been raised by demurrer or answer, which would have been the better practice. See Section 11311, General Code.
 

 It is apparent that the verdict of $5,000 might have been returned by the jury on the first cause of action alone, if they found that the 1,896 tons of coal were taken by the coal company purposely, willfully, intentionally, and wrongfully, and assessed the measure of damages that the coal company was liable for at the market value of the coal so taken at the mouth of the mine, or on the tipple, without any deduction for the cost of production. An amount so returned for coal taken in the year 1920 might under this record have been within the sum found by the jury. The position of plaintiff in error that no part of the recovery in this case was based upon the second cause of action is consistent with the record, and we cannot find that the
 
 *302
 
 court’s failure to grant the motion was prejudicial to defendant in error.
 

 As to the second ground of reversal, we are of opinion that the Court of Appeals was right in its conclusion finding that the trial court charged that the knowledge of the mine superintendent was knowledge and notice to the defendant of the willful and intentional, as well as wrongful, taking of the coal in question. This instruction, when taken in connection with the measure of damages, which we find the court of common pleas correctly gave to the jury, and which the Court of Appeals approved, was prejudicially erroneous. The landowner, for coal wrongfully taken, is entitled to compensation which would be the value of the coal in place. If, however, the coal was wrongfully, intentionally, and purposely taken, then the measure of damages becomes larger, in this, that the landowner is entitled to retain any amount which the wrongdoer has expended in mining, removing, and transporting the coal from its natural state to the mouth of the mine Or on the tipple. The law does not permit a willful wrongdoer to profit by recovering any part of the expense which he may have incurred by reason of his wrongful act, or any profit thereon, but allows this amount to the injured party as a part of his measure of damages for the wrong that he has suffered. This right is based upon the willful character of the taking.
 

 Exemplary or punitive damages, being awarded not by way of compensation to the sufferer, but by way of punishment to the offender, and as a warning to others, can only be awarded against one who has participated in the offense. A principal, there
 
 *303
 
 fore, though, of course, liable to make compensation for injuries done by his agent within the scope of his employment, cannot be held liable for exemplary or punitive damages merely by reason of wanton, oppressive, or malicious intent on the part of the agent. In other words, where that which is tantamount to punitive or exemplary damages is to be recovered by reason of the willful character of the wrongful act, proof of this knowledge and willfulness on the part of the party producing the wrong must be made. The employer cannot be punished for the personal guilt of his servant or agent, unless the employer authorized, ratified, or participated in the wrongdoing. 5 Fletcher on Corporations, Section 3354; Mechem on Agency, Sections 2013, 2014, 2015;
 
 L. S. & M. S. Ry.
 
 v.
 
 Prentice,
 
 147 U. S., 101, 13 S. Ct., 261, 37 L. Ed., 97.
 

 While in the brief of counsel reference is made to other errors claimed to have been committed by the trial court, we do not deem the same prejudicial, but approve the view taken thereof by the Court of Appeals. Entertaining these views, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.