FITSCHER *v.* THE ROLLMAN & SONS Co.

(Decided March 18, 1929.)

*Messrs. Roettinger & Street,* for plaintiff in error.
*Messrs. Bettman, Reisenberg, Cohen & Steltenpohl,* for defendant in error.

HAMILTON, J. The suit below was in tort, wherein the plaintiff, Ida W. Fitscher, sought damages, based in one cause of action on false imprisonment, and in a second cause of action on a claim for slander. The case was tried to the court and a jury, resulting in a verdict and judgment for the defendant, the Rollman & Sons Company, a corporation. From that judgment, plaintiff below prosecutes error to this court, specifying error in the refusal of the court to give special charges requested by plaintiff, and claiming that the verdict is contrary to the weight of the evidence.

The evidence is in sharp conflict on the issues. The undisputed facts may be summed up as follows:

The Rollman & Sons Company operate a large department store in Cincinnati. They employ the Cal Crim Detective Agency to protect their goods, and the agency, in the course of its service, had a Miss Silverman as an operative in the store to watch the goods and protect them.

On January 11, 1927, Ida W. Fitscher, the plaintiff in error, was in the Rollman store with a friend shopping, and, among other things, sought to exchange some stockings purchased a day or two before. She was delayed some little time in procuring a merchandise order for the exchange of the stockings theretofore purchased, which she claimed were damaged and not properly paired, and while she was there at the stocking counter Miss Silverman,

the Crim operative, was standing near. After Mrs. Fitscher had completed her exchange, she, with her friend, left the store and went out on the sidewalk, whereupon, Miss Silverman, the operative, followed her out, and, in some manner, brought to Mrs. Fitscher's attention the fact that she had a pair of stockings for which she had not paid. Thereupon, they returned to the store, and went up the elevator to the tenth floor, 'where Miss Silverman called the store manager, Mr. Thoman. When Mrs. Fitscher offered to pay for some stockings, the manager notified her he could not settle the matter; that she would have to go over to their adjusting office. Whereupon, Mrs. Fitscher went with the manager and the operative across the street to the Cal Crim Detective Agency, where she signed a written confession of the theft of one pair of stockings, and paid for same. She was then permitted to go, and nothing further was done in the matter.

It may be said here that the signing of the confession was declared by Mrs. Fitscher to have been obtained under duress and fright, and she claimed she did not know what she was signing. It is, however, undisputed that she paid $1.39 for a pair of stockings.

Mrs. Fitscher's evidence is to the effect that she was intimidated on the street by threats of making a scene, and her return to the store was involuntary and against her will. The evidence of Miss Silverman, for the defense, on this point, is to the effect that she approached Mrs. Fitscher in a gentle way, called her attention to the fact that she had picked up a pair of stockings in the store, and had failed to pay for them, and that she would have to

return to the store and pay for them; that Mrs. Fitscher said she would return to the store and "see Daddy Rollman." This is denied by Mrs. Fitscher.

Enough has been said to show the conflict in the evidence, and that it gave rise to a jury question. In other words, it was a question of the credibility of the witnesses.

There are some exhibits in the case which lack probative force for either party on the issue in this case. The judgment will not be disturbed on the ground of being contrary to the weight of the evidence.

Plaintiff's special charge No. 1, refused, is as follows: "I charge you that the arrest of plaintiff as appears in the evidence was unlawful, not being by a person authorized in law to make an arrest."

This charge was properly refused, for the reason that it assumes that the plaintiff was arrested. This was one of the issues in the case, which was submitted by the court to the jury.

Plaintiff's special charge No. 2, refused, is as follows: "I charge you that if you find from the evidence that plaintiff was detained by the agents of defendant without a legal warrant, that such detention in law is a false imprisonment."

This charge was properly refused, for the reason that it uses the word "detained," without qualification. Counsel cite *Simper* v. *Carroll*, 12 C. C. (N. S.), 140, 21 C. D., 386, in support of the proposition that the special charge requested is the law. The *Carroll case* in the opinion used the word "unlawfully" detained. In order to apply that decision, the court in its charge should have used the words "un-

lawfully detained,'' or ''detained against her will.'' One of the issues in the case was whether or not she was unlawfully detained, or detained against her will. This issue was submitted to the jury by the trial court. A person may be detained in many ways without the act being unlawful, and this will answer the proposition in the case of *Leger* v. *Warren*, 62 Ohio St., 500, 57 N. E., 506, 51 L. R. A., 193, 78 Am. St. Rep., 738, submitted as an authority.

Plaintiff's third special charge, which was refused, goes to the question of punitive damages. The trial court not only refused this special charge on punitive damages, but refused to charge the jury in the general charge on punitive damages.

It will be noted that the defendant is a corporation and its agent did the things complained against in this case. The rule is as pronounced by this court in the case of *Stock Yards Bank* v. *Seal*, 27 Ohio App., 179, 161 N. E., 35, where the court said: ''Punitive damages can only be awarded against one who has participated in an offense. A principal is liable only for injuries done within the scope of the agent's business, but cannot be held liable for exemplary or punitive damages by reason of wanton, oppressive, or malicious conduct or intent on the part of the agent. An employer cannot be punished for the personal guilt of his servant or agent, unless the employer authorized, ratified, or participated in the wrongdoing.''

In the instant case there is no evidence that the Rollman & Sons Company, by word or act, authorized, ratified, or participated in any wrongdoing. All that was done by any person connected with the Rollman Company was to decline to accept payment

for the stockings, stating that payment would have to be made at the other department.

It is urged by counsel for defendant in error that no corporation can be held for punitive damages for acts committed by its agents. The rulings on this proposition are not uniform, but it is not necessary to consider that question. In the case of *Tracy* v. *Athens & Pomeroy Coal & Land Co.*, 115 Ohio St., 298, 152 N. E., 641, the court said: "The employer cannot be punished for the personal guilt of his servant or agent, unless the employer authorized, ratified, or participated in the wrongdoing"— citing cases.

The court properly refused the special request on the question of punitive damages, and there was no error in that refusal.

The court gave to the jury the law as to the rights of the plaintiff on the question of arrest, in the following language:

"The burden of proof as stated, is on the plaintiff to prove the fact that she was restrained or detained or imprisoned by the defendant as hereinbefore described, without her consent. If the plaintiff were requested by the defendant's agents to return to the store and go to the office of the defendant, and later to accompany defendant's agent to the Crim Detective Agency's office, and she did so voluntarily, and there was no force or threat of force, of any kind exercised against her, and if she were free to go or not, according to her own will, then she was not imprisoned and cannot recover under the first count of the amended petition. * * *

"If you find that the plaintiff was deprived of her liberty or imprisoned as hereinbefore defined,

by the defendant's agent, she is entitled to recover according to the rules hereinbefore stated, whether she were guilty or not guilty of stealing the stockings.''

This clearly stated the law as it relates to the first cause of action. The law is that no person except an officer has the right to make an arrest for a misdemeanor, without warrant, and no agent of the defendant had a right to imprison the plaintiff in case of a mere charge of petit larceny.

The verdict of the jury was a general verdict in favor of the defendant.

The truth was a defense to the second cause of action, to wit, the action for slander, and the verdict of the jury was against plaintiff, and was not manifestly against the weight of the evidence.

The case was fully presented to the jury under a correct charge of the court on the law, and, no error intervening, the judgment will be affirmed.

*Judgment affirmed.*

Cushing, P. J., and Ross, J., concur.