Marshall, C. J.
 

 The facts which in the opinion of this court should control its judgment are that Callahan was employed for the performance of a specific duty which involved the use of a motor vehicle to be furnished by the gas company; that he was forbidden to carry passengers; that his duties were of such character that he required no assistance; that the passengers were his personal guests; and that the accident was proximately caused by his gross negligence.
 

 Assuming that the testimony which was rejected
 
 *84
 
 at the trial is competent, and that it would tend to prove that at the time of the accident Callahan was engaged in the prosecution of the business of the master, the question for determination is whether the master is responsible for the gross negligence of a servant to the personal guests of the servant while thus engaged.
 

 This case involves no question of the liability of a master for the negligence of his servant while engaged in the master’s business resulting in damages to persons who have not voluntarily placed themselves in a place of danger.
 

 It does not involve the principle decided in
 
 Elliott
 
 v.
 
 Harding,
 
 107 Ohio St., 501, 140 N. E., 338, 36 A. L. R., 1128, that the owner of an automobile is liable for damages resulting from intrusting the machine to an inexperienced, unskilled, or incompetent driver. Nothing in this record indicates that Callahan was unskilled or incompetent.
 

 This record does not involve the responsibility of Callahan, the driver, to his own personal guests, for his negligence. Callahan was voluntarily dismissed from the case.
 

 It involves the sole question of the liability of an owner of an automobile for the negligence of a skilled, experienced driver while using the car by the owner’s authority within the scope of the agency (but who has been forbidden to carry passengers) to persons who have voluntarily become passengers in the car without compensation, and without benefit to the owner.
 

 The duty and responsibility owing to a guest by the driver of an automobile, or by the owner with knowledge that the guest is being carried, has been
 
 *85
 
 much mooted in recent years, and the law relating thereto is undergoing sweeping changes in many jurisdictions at the hands of courts and legislatures. If this suit were against Callahan, that principle would be directly involved.
 

 Crouch was in no sense a guest of the owner of the car. He was riding contrary to the express inhibition of the owner.
 

 Whatever the relation between Callahan and Crouch, which we do not decide or even consider, the relation of Crouch to the owner of the car must be held to be that of trespasser, to whom no duty is owing except not to wilfully injure him.
 

 The petition alleges that the servant Callahan “wilfully, recklessly, wantonly, carelessly and negligently drove said automobile truck at a high and excessive rate of speed.” This allegation would be very pertinent, if the suit were against Callahan, but wilfulness, recklessness, and wantonness cannot be charged against the owner of the car, unless the owner entertained a conscious purpose to do a wrongful act, or unless it be shown that he was indifferent to the safety of others after knowledge of their danger. This principle was declared in
 
 Payne, Director General of Rds.,
 
 v.
 
 Vance,
 
 103 Ohio St., 59, 133 N. E., 85. Nothing in this record indicates any such conscious purpose or reckless indifference to the safety of Crouch.
 

 Upon the undisputed facts disclosed by this record, the court of common pleas should have sustained the motion for a directed verdict at the close of plaintiff’s testimony, which motion was. .renewed at the conclusion of all the evidence.
 
 '/
 
 The Court of Appeals did not err in reversing the judgment of the
 
 *86
 
 court of common pleas, though perhaps assigning a wrong reason for such reversal.
 

 The judgment of the Court of Appeals will be affirmed, and the court of common pleas will be instructed to enter final judgment in favor of the plaintiff in error.
 

 Judgment affirmed.
 

 Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.