SIEMERS, APPELLEE, *v.* THE VINDICATOR PRINTING CO., APPELLANT.

(Decided April 21, 1939.)

*Mr. W. L. Countryman,* for appellee.
*Messrs. Manchester, Ford, Bennett & Powers,* for appellant.

PHILLIPS, J. This is an appeal on questions of law from the Court of Common Pleas of Mahoning county, Ohio, which court overruled defendant's motion for a new trial and for judgment notwithstanding the verdict, and entered judgment upon a jury verdict in favor of plaintiff, Siemers.

Plaintiff filed an amended petition against Floyd Jones and The Vindicator Printing Company to recover damages for personal injuries sustained on December 11, 1935, at about the hour of 4:30 p. m. while riding as a passenger in Jones' car. He alleged that Jones, in connection with a business enterprise of the defendant, drove his car in such a wanton manner, in a northerly direction on Hillman street in Youngstown, that the car collided with a parked coal truck causing plaintiff to sustain personal injuries. Jones was dismissed during the trial and the case proceeded against The Vindicator Printing Company as the sole defendant.

Jones was and had been an advertising solicitor for The Vindicator Printing Company for eleven years prior to the time set forth herein, and, in addition to his compensation at that time, was allowed $1 per day for transportation which he spent as he pleased. The evidence disclosed that The Vindicator Printing Company forbade him to carry passengers in any car which he might drive while on company business.

Siemers testified that on December 11, 1935, in accordance with an arrangement made the previous day, he and Jones left the plaintiff's house to call upon "Red" Maloney at the College Inn; that Siemers intended to introduce Jones to Maloney, because Jones desired to solicit classified advertising from him; that, en route, they stopped at the Carlton Inn where they drank beer and sang; that Jones left the Carlton Inn, made a call in connection with an advertising account, and later returned to the Carlton Inn where Siemers awaited his return; that Jones made two telephone calls as a result of which it was learned Maloney was not available that afternoon. The evidence indicates that they abandoned all intentions of contacting Maloney when they left the Carlton Inn sometime later. Siemers further testified that upon leaving the Carlton Inn he rode along with Jones who made several goodwill calls upon customers, and that at the time the accident happened they were en route to get a brother of Jones, who was to join them in an evening song-festival at the Rex Inn where they intended to go immediately after Jones reported to the office of the defendant, The Vindicator Printing Company.

Jones denied that any arrangement was made the previous day to see "Red" Maloney, or that Siemers' assistance was necessary to him in discharging his duties with the defendant company, or that the accident happened through any wanton misconduct of his in the operation of his car as alleged in plaintiff's amended petition and testified to by plaintiff.

The case proceeded to trial before a jury which returned a verdict in plaintiff's favor. Motions for a new trial and for judgment *non obstante veredicto* were overruled. Judgment was entered upon the verdict and appeal prosecuted to this court on questions of law.

In the case of *Union Gas & Electric Co.* v. *Crouch*, 123 Ohio St., 81, 174 N. E., 6, 74 A. L. R., 160, Callahan, an employee of the defendant company, attended a party at the home of a fellow employee during working hours. Upon completing his visit, and while driving defendant's car contrary to the company's rules forbidding him to enter a private home or carry passengers during working hours, he took one Crouch with him in defendant's car for a purpose not clearly set forth and upon which the evidence was in dispute. During the trip he had an accident in which Crouch received personal injuries as a result of which suit was brought against The Union Gas & Electric Company and Callahan. Callahan was dismissed before the case was called for trial. It was alleged that he operated the car in a reckless and wanton manner. Reversing the judgment of the trial court, the Supreme Court said, in the first paragraph of the syllabus:

"The owner of an automobile being driven by a servant in the business of the owner within the scope of the servant's employment is not liable for damages to a guest of the servant for injuries caused to such guest by the negligence of the servant while riding in the automobile without the knowledge and consent of the owner, it not appearing that such guest is at the time rendering necessary assistance to the servant within the scope of his employment."

The decision in that case was not based on the character of the act causing the injury, *i. e.*, whether it was brought about by wilfulness, wantonness or ordinary negligence, but upon the fact that, in permitting plain-

tiff to ride, Callahan was acting outside the scope of his authority.

The facts in the case at bar are very similar to those in the *Crouch case, supra.* In the instant case plaintiff claims he brought himself within the language contained in the last three lines of the first paragraph of the syllabus of that case which state: "it not appearing that such guest is at the time rendering necessary assistance to the servant within the scope of his employment."

It will be remembered that Siemers testified that he and Jones met on the day of the accident for the purpose of calling upon "Red" Maloney at the College Inn to solicit Maloney's advertising business; that that was the object and purpose of the trip and the reason he was in Jones' car at the time of the accident; and that therefore he was rendering necessary assistance to Jones who was the servant of the defendant, then and there acting within the course and scope of his employment with The Vindicator Printing Company.

This brings us immediately to a consideration of the relationship between Siemers and The Vindicator Printing Company. In order to recover in the instant case it must appear, first, that, at the time of the accident, Siemers was rendering assistance to Jones, who was at the time acting within the course and scope of his employment with the defendant company; and, second, that he was rendering necessary assistance. This is in addition, of course, to proving wanton misconduct in the operation of the car. Siemers was in no sense a guest of the defendant. He was riding contrary to the express prohibition of the defendant. Whatever the relationship between Siemers and Jones, which we do not decide or even consider, the relationship of Siemers to the defendant must be held to be that of a trespasser to whom no duty was owed except not to *wilfully* injure him.

Plaintiff alleged in his second amended petition that defendant "at the time herein mentioned had a special ownership in and control of the automobile herein in question." The second paragraph of the *Crouch case, supra,* answers this contention. It says:

"Where the owner of an automobile entrusts the same to a servant in the course of the business of the owner, without authority to carry passengers, a guest of the servant riding in the automobile is neither an invitee nor a licensee of the owner, but on the contrary is a trespasser to whom no duty is owing by the owner, except not to wilfully injure him. * * *"

The evidence convinces us that at the time of the accident Siemers was rendering no assistance to Jones for the reason that when they left the Carlton Inn they had abandoned all intention of calling upon Maloney, and their ultimate purpose was to call for Jones' brother. Secondly it appears from the record that it was not necessary for Siemers to introduce Jones to Maloney as Maloney already was an advertiser in the Vindicator. We find no evidence of probative value that The Vindicator Printing Company ever knew Siemers, or of his presence in Jones' car on that occasion.

In the case of *Jarman, Admr.,* v. *Youngstown Hide & Tallow Co.,* 15 Ohio Law Abs., 380, this court said:

"It might have been a different proposition in this case if when the driver of the automobile had driven to where he was to load carcasses he could not load them and found that he had to call in some one in such emergency and the injury had occurred while he was assisting, that would be a different proposition, but this young man was taking a ride, going a distance of possibly fifty miles and was riding along the public highway in this automobile at the time rendering no assistance. We do not think that he was at the time doing services or rendering services for this corporation within the meaning of the cases to which our at-

tention was called, but he was there as a passenger, as is provided in the second syllabus in the case of *Union Gas & Electric Company, supra.*"

There is no evidence of probative value in the record that, at the time the accident happened, an emergency had arisen making it necessary for Siemers to assist Jones in the discharge of any of his duties owed to the defendant company, nor to support plaintiff's claim that at the time of the accident he was rendering any assistance whatever, necessary or otherwise, to Jones or the Vindicator Printing Company. We are convinced that Siemers was accompanying Jones on a trip which would eventually take them to the office of the defendant company, but the real object of which was to call for Jones' brother who was to join them, as we have said, in a song festival in the evening.

We are bound by the *Crouch* and *Jarman cases, supra,* with which holdings we are in accord, and hold that at the time of the accident plaintiff was not in any manner furthering the interests of the defendant company.

We come now to a consideration of the attack which the defendant makes upon the charge of the trial judge and his failure to sustain the defendant's motions for a directed verdict and for judgment notwithstanding the verdict, the basis of which was that wantonness must be proven before any liability could attach to the company. Taking the view of the case that we have heretofore indicated, we do not deem it necessary to pass upon these questions, but we respectfully call attention to the following cases, *Columbus Ry., Power & Light Co.* v. *Harrison,* 109 Ohio St., 526, 143 N. E., 32; and *Tracy* v. *Athens & Pomeroy Coal & Land Co.,* 115 Ohio St., 298, 152 N. E., 641. It therefore follows from what we have said that the judgment of the lower court should be and hereby is reversed.

Coming now to render the judgment which the lower court should have rendered, final judgment is rendered

in favor of defendant, The Vindicator Printing Company.

*Judgment reversed, and final judgment for defendant.*

NICHOLS, P. J., and CARTER, J., concur.