## LESTER v. ALBERS SUPER MARKETS, INC.

Common Pleas Court, Hamilton County.

No. A-126831.   Decided November 5, 1951.

Holdt & Schultz, Cincinnati, for plaintiff.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for defendant.

## OPINION

By BADER, J.

This case comes before the Court on the motion of the plaintiff to strike the following allegation from defendant's answer, to wit: "Further answering and for a second defense to said first cause of action, defendant states that if plaintiff was detained by defendant, through its agents or employees, that said detention did not exceed the period of five minutes and therefore was a reasonable time within which to investigate plaintiff's conduct."

The statute provides that any person other than an officer of the law may arrest another.

Sec. 13432-2 GC reads as follows: "When any person may

arrest. When a felony has been committed, or there is reasonable ground to believe that a felony has been committed, any person without a warrant may arrest another whom he has reasonable cause to believe is guilty of the offense, and detain him until a warrant can be obtained."

Sec. 13432-4 GC provides for the duties of the person making the arrest by the authority given in §13432-2 GC, and reads as follows: "Duty of private person making arrest. A private person who has made an arrest must, without unnecessary delay, take the person arrested before the most convenient court or magistrate authorized to issue warrants in the county in which the offense was committed, or deliver such person to a peace officer, who must without unnecessary delay, take such person before such court or magistrate. The peace officer or private person so taking the person arrested before such court or magistrate, must lay or cause to be laid before the latter a complaint, stating the offense for which the person was arrested."

There is no authority, that the Court can find, that authorizes a person other than a police officer to make an arrest for a misdemeanor. The only authority for an arrest is set forth in §13432-2 GC in the case of the commission of a felony. In that case the accused may be detained for a reasonable time and without unnecessary delay in order that a warrant may be issued. There seems to be a distinction between the authority of a police officer to make an arrest of a person committing a misdemeanor and the authority of an individual making that arrest.

Any person detaining another for any purpose against his or her will may subject that person to a suit for damages for false imprisonment.

In the case of **Fitscher v. Rollman & Sons Co., 31 Oh Ap 340, 167 N. E. 469**, the Court held:

"7. No person except an officer has the right to make an arrest for a misdemeanor without warrant.

"8. No agent of department store owner has right to imprison customer on mere charge of petit larceny."

In the case of Jacques v. Childs Dining Hall Co., 244 Mass. 438, 138 N. E. 843, 26 A. L. R. 1329, the Court held: "5. The right of private individuals to arrest without a warrant is confined to cases of actual guilt of the party arrested, and the arrest can only be justified by proving such guilt."

In "Law of Arrest" by Stevens it is said on page 44: "57. For Felony. * * * Where a felony has actually been committed the arrest may be made by any person without a warrant and the arrest is lawful. Private persons in making an

arrest act and make the arrest at their own peril, and nothing short of proving that a felony has actually been committed will justify the arrest."

It appears to this Court that any person other than a police officer or one deputized to serve a warrant may not detain any person against his or her will and that if he or she does so it is done at that person's peril. The question of detaining the plaintiff for a reasonable time within which to investigate plaintiff's conduct is, in the opinion of this Court, not a good defense where an individual, not a police officer, detains another against his or her will.

Accordingly the Court is of the opinion that the plaintiff's motion is well taken and those words in part 2 of the first defense, which plaintiff seeks to strike, should be stricken.