Matthias, J.,
concurring. Since there is no allegation in the petition of wilful or wanton misconduct on the part of the operator of the motor vehicle, I concur in paragraph one of the syllabus and in the judgment but dissent from paragraph two of the syllabus. I would have paragraph two of the syllabus read as follows:
“In an action against the owner of an automobile for the wrongful death of a decedent, caused by the negligent operation of the owner’s automobile by her minor son, while the decedent was being transported without payment therefor in the owner’s automobile as an invitee of the driver, a petition which alleges that the minor son was using the automobile with the permission of the mother, the owner, who was not a passenger, and that the decedent was killed by reason of the combined negligence of the owner of the automobile and the driver thereof in that the owner negligently entrusted her automobile to her minor son, an incompetent driver, does not state a cause of action against the owner in the absence of averments of facts showing that the injury resulted from the wilful or wanton misconduct of the operator. In such case, the decedent was a guest and invitee of the driver and the operator’s duty was only not to wilfully or wantonly injure him.” (Emphasis added, the word, operator, substituted for the word, owner.)
Paragraph two of the syllabus clearly departs from the theory of negligent entrustment and adopts a theory in a guest-statute case of wilful or wanton misconduct in the entrustment.
That, I do not believe to be the theory of the law.
The usual theory of negligent entrustment is expressed in the case of Cunningham, a Minor, v. Bell, 149 Ohio St., 103, 77 N. E. (2d), 918, as follows:
“The rule is well settled in this state that the negligent entrustment of an automobile to an incompetent driver may impose upon the owner liability for the driver’s negligent operation of such automobile”; “that, therefore, the plaintiff’s injury resulted from the combined negligence of the owner and driver; the negligence of the owner in entrusting the vehicle *526 to an incompetent driver and the negligence of the driver in the manner of its operation.”
In a case involving the question of liability of the owner for the injury to the guest of the operator, I would adopt the following rule:
Under the theory of negligent entrustment of an automobile to an incompetent driver, liability may be imposed on the owner for injury to the guest of the driver. The liability of the owner is based upon the negligent entrustment of his motor vehicle to an incompetent driver combined with the wilful or wanton misconduct of the driver in the operation of such vehicle.
The Cunningham case, supra, was based on the case of Union Gas & Electric Co. v. Crouch, a Minor, 123 Ohio St., 81, 174 N. E., 6, 74 A. L. R., 160, which was based on the theory that the guest of the operator was a trespasser under the facts in that case. It was written before the guest statute.
Paragraph two of the syllabus of the Grouch case reads:
‘ ‘ 2. Where the owner of an automobile entrusts the same to a servant in the course of the business of the owner, without authority to carry passengers, a guest of the servant riding in the automobile is neither an invitee nor a licensee of the owner, but on the contrary is a trespasser to whom no duty is owing by the owner, except not to wilfully injure him.” (Emphasis added.)
There is nothing in the petition in the instant case to give the guest of the operator of the motor vehicle the status of trespasser.
Liability of the owner under the negligent entrustment theory should be similar to the liability of a parent or guardian under the Ohio minor automobile operators responsibility statute. (Section 4507.07, Revised Code.)
In Tighe, a Minor, v. Diamond, 149 Ohio St., 520, 80 N. E. (2d), 122, in paragraph two of the syllabus, the court held:
“2. To entitle a guest riding in a motor vehicle operated by a minor host to recover damages from the parent, guardian or other person having custody of such minor host holding a minor automobile operators license granted by reason of a joint application of such minor and such parent, guardian or person, for injuries resulting from the improper operation of *527 the motor vehicle by such minor, the guest must, under the Ohio minor automobile operators responsibility statute, Section 6296-10, General Code, establish wilful misconduct on the part of such minor, as the proximate cause of such injuries.”
Herbert, J., concurs in the foregoing concurring opinion.